### THE PEOPLE OF THE STATE OF ILLINOIS
*v.*
### GEORGE W. GREEN *et al.*

1. BASTARDY—*recognizance.* Where a party is arrested and brought before a justice of the peace, on a charge of bastardy, and obtains a continuance to another day for a trial, and enters into a recognizance for his appearance, but fails to appear: *Held,* under the act of March 3, 1845, that the justice of the peace has power to take such a recognizance, and declare it forfeited on the failure of the principal to appear according to the condition of his recognizance.

2. DEMURRER—*declaration.* A declaration in debt on such a recognizance, that fails to aver that there was a default in appearing before the

justice of the peace, and that he had certified the recognizance, with the record of the default, to the circuit court of the county, is bad on general demurrer, as these are statutory requirements, essential to a right of recovery. The recognizance being a statutory obligation, its provisions must be complied with, to authorize a recovery.

WRIT OF ERROR to the Circuit Court of Edgar county ; the Hon. JAMES STEELE, Judge, presiding.

This was an action of debt, brought on a recognizance, entered into by George W. Green and Francis G. Green, to the People of the State of Illinois. Elizabeth Bales caused George W. Green to be arrested, on a charge of bastardy, and brought before a justice of the peace for trial. He applied for and obtained a continuance, and entered into a recognizance, in the sum of $500, for his appearance on the day set for trial, with Francis G. Green as his bail, but the declaration avers that he failed to appear according to his recognizance. To the declaration, a general demurrer was filed, which the court sustained. Plaintiff abided by the declaration, and the court rendered a judgment in bar of the action. The record is brought to this court on error.

Mr. JOHN W. BLACKBURN, for the plaintiffs in error.

Mr. JAMES A. EADS, for the defendants in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It appears that George W. Green was arrested under a warrant, on a charge of bastardy, issued by a justice of the peace, on the complaint of Elizabeth Bales. He was taken before the justice, when he applied for and obtained a continuance, and being required by the justice to enter into a recognizance for his appearance at the time set for trial, defendants in error executed the bail bond upon which this suit is brought. The declaration avers that the principal in the bond failed to appear at the time and place named in the bond, and being called came not, but failed to answer the complaint. A general demurrer was filed to the declaration, which was sustained by

the court, and plaintiff abiding by his declaration, a judgment was rendered in bar of the action, and the record is brought to this court and errors assigned.

It is first urged, that this recognizance is void, upon the ground that there is no power to require or take a recognizance before a justice of the peace, in a prosecution for bastardy. The act of the 3d of March, 1845, R. S. 518, declares that " Any justice of the peace, before whom any person is brought on a complaint for any crime, misdemeanor, or other offense bailable by the laws of this State, may take the recognizance of such persons, with surety or sureties, in a reasonable sum, for his appearance before said justice for further examination at a future time," etc.

It is contended that this proceeding is not within the provisions of this law. Is it, then, a " crime, misdemeanor, or other offense, bailable by the laws of this State?" If it is either, then it is within this provision, and a recognizance may be taken. It is an offense against the law, and the first section of the bastardy act has expressly made it bailable. The first section of that act requires the justice of the peace, before whom the charge is preferred, after hearing the evidence, if the case require it, to commit the accused, unless he shall enter into a recognizance to be approved by the justice. It, then, being an offense, and being bailable by the statute regulating proceedings therein, the justice of the peace had the power to take the recognizance. The statute is broad enough to, and does embrace this class of cases. The recognizance was well taken.

But the second section of the act has prescribed the duty of the justice of the peace, when such a recognizance has been entered into before him. It provides, that if the accused shall fail to appear at the time appointed for the hearing, and named in the recognizance, the justice shall note the default upon the record, and certify the same recognizance, with the record of the default, to the circuit court of the county, that a *scire facias* may issue thereon, or an action of debt may be brought

for the recovery of the penalty.    This is the clear and unmistakable duty of  the justice, and it impliedly prohibits a *scire facias* or an  action of debt, from being  brought, until it shall be certified as required, to the circuit court.    The purpose of having it  thus certified, is  declared to be, that *scire facias* or debt may be  brought for a  recovery of the penalty.    The implication from this language  is, that  such  proceedings can not be had until it is thus certified; that  the  return, by the justice, of the recognizance to the circuit court is a  condition precedent to maintaining the action.

There is no averment, in the declaration in this case, that the justice of the peace had certified the recognizance and default, with his record, to the circuit court, and in this the declaration was bad in substance, and the demurrer was properly sustained. Being a statutory bond, the  requirements of the  statute must be observed, to  give a right of  action.    Not only so, but it must appear, from  the  declaration, that  the  statute has been observed.    The  judgment  of  the  court  below  must  be affirmed.

·  *Judgment affirmed.*