## JOHN CHILTON

*v.*

## THE PEOPLE, etc., for use of Anna E. Jones.

1. BASTARDY BOND—*what is a breach of.* Where one on a charge of bastardy entered into a bond for his appearance at the next term of the circuit court to answer the charge, which provided that he should "not depart the court without leave," and he fled without leave, after a trial was had finding him guilty and requiring him to give security: *Held*, that this was manifestly a breach of the condition of the bond.

2. SAME—*void if not under seal.* The statute requiring a bond to be taken for the appearance of the defendant in a prosecution for bastardy, a writing without a scroll or other indication of a seal is not a compliance with the law, and is not binding upon the obligors.

3. BOND—*what is.* A bond is defined to be a deed, and the word, *ex vi termini*, imports a sealed instrument. The fact that the writing contains the words "sealed with my seal," etc., when there is no seal or scroll attached, will not make it a bond or sealed instrument.

4. VARIANCE—*oyer and demurrer for.* Where an action of debt is brought upon an instrument which is declared on as a bond or sealed instrument, and the writing produced on *oyer* has no seal, the variance is fatal and may be taken advantage of on demurrer.

APPEAL from the Circuit Court of Madison county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

Mr. DAVID GILLESPIE, for the appellant.

Messrs. DALE & BURNETT, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

There was a prosecution for bastardy, brought before a justice of the peace of Madison county, against John N. Chilton. After hearing the evidence, the justice of the peace required him to enter into bond, in the penal sum of seven hundred dollars, for his appearance at the next term of the circuit court of that county; and, in pursuance to that order, he and appellant executed the instrument sued on in this case. At the next term of the circuit court, it is averred in the declaration that an issue was formed and tried, and resulted in a verdict that John N. Chilton was the father of the bastard child, as charged.

The court thereupon entered an order that he enter into bond and security, as the statute requires, for the payment of $100 to the mother of the child the first year, and $50 each year for nine years, and that he pay the costs of the suit. He, however, failed to enter into bond, and, as it'is averred, fled without leave of the court. Appellant craved oyer of the bond, which being granted, he demurred to the declaration, and assigned as causes, that it appeared John N. Chilton did appear at the next term of the circuit court, according to the condition of the instrument sued on, and that the statute requires a bond to be executed, and there are no seals to this instrument, and it is not a bond, and is void. The court below overruled the demurrer, and appellant abiding by it, and declining to plead further, the court rendered judgment for the sum named in the instrument as a penalty.

The condition expressly states that if "John N. Chilton shall appear at the next circuit court to be holden in and for the county of Madison, and answer to the said complaint, and not depart the court without leave, then this obligation to be void, otherwise to remain in full force and virtue." Now, the

declaration avers that he did depart the court without leave, and it is admitted to be true by the demurrer. This is manifestly a breach of the very terms of his undertaking, and has always been held to fix the liability of the bail in criminal cases. It is urged that the condition should be construed strictly as to the surety. This is undoubtedly the rule, but it can not require us to hold that, when the breach is plain and palpable, he shall be relieved from its effect. He engaged that his principal should not only appear, but should not depart the court without leave. He admits that, in violation of the unequivocal terms of the undertaking, he did depart the court without leave.

The other question is one of more difficulty. The parties in the instrument declare that they gave it under their seals, and the justices of the peace who approved it say that it was "signed and sealed and delivered" in their presence. But the scroll or other indication of a seal is wanting. The statute has required a bond, and such an instrument is defined to be a deed, and the word bond, *ex vi termini*, imports a sealed instrument. *Denning* v. *Bullitt*, 1 Blkfd. 241. It is there said a writing can not be considered as a deed unless there be a seal actually made upon the instrument; that the circumstance of its containing the words "sealed with my seal," etc., is not sufficient, and Perkins, sec. 129, *Moore* v. *Jones*, 2 Ld. Raymd. 1536, and *Warren* v. *Lynch*, 5 J. R. 239, are referred to as sustaining the doctrine. We have looked at these authorities and find they sustain that case. It is also said in that case, that if a bond be described in the declaration as the cause of action, and the writing produced on *oyer* have no seal, the variance is fatal, and may be taken advantage of on demurrer, and the cases of *Holman* v. *Borough*, 2 Salk. 658, and *Cook* v. *Graham*, 3 Cranch, 229, are referred to, and support the rule.

From these authorities, and many others which might be cited, this can not be held to be a deed. In our examination we find no authorities that conflict with them, nor are we

aware that any exist, and we presume there are none, or appellee would have filed a brief and referred to them. It is a matter of regret that the statute is so frequently disregarded in cases of this character, but we are powerless to afford relief against the positive requirements of the statute. Courts, like individuals, must regard and conform to the law. They have no power to override statutory provisions or other legal requirements by which parties acquire rights and incur obligations. We can only declare the law as we find it, not being of the department that enacts laws.

The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*

Mr. Justice Scott, and Mr. Justice Sheldon, dissenting: The instrument sued on is evidently not a bond. But it is not declared upon as a bond, but only as an instrument in writing, hence no question of variance arises. We are inclined to hold that it is binding on the parties as a simple contract. See *Kelly* v. *McCormick,* 28 N. Y. 318; *The United States* v. *Linn et al.* 15 Pet. 290.