# WILLIAM BOWDEN

## *v.*

# RICHARD BOWDEN.

75  111
36a 241
75  111
161  40
75  111
164 342
64a 319
75  111
95a  ² 93
75  111
194  ¹107
75  111
105a ¹414
75  111
106a ¹325

1. DEBT —*form of judgment.* On the trial of an action of debt by the court without a jury, the court found for the plaintiff, assessed his damages, and rendered judgment for damages only. No objection was made to the form of the judgment in the court below :  *Held,* in view of the recent legislation on kindred topics, that the judgment would not be reversed for such a technical error.

2. PRACTICE IN SUPREME COURT — *question not raised below.* This court will not reverse for a mere technical error in the court below, not affecting in any degree the merits, unless the attention of the court below is called to it by motion for a new trial, in arrest of judgment, or by some other appropriate motion.

WRIT OF ERROR to the Circuit Court of Jo Daviess county ; the Hon. WILLIAM BROWN, Judge, presiding.

This was an action of debt, brought by Richard Bowden, upon a promissory note. The opinion states the facts involved.

Mr. M. Y. JOHNSON, and Mr. J. W. LUKE, for the plaintiff in error.

Mr. DAVID SHEEAN, for the defendant in error.

Mr. JUSTICE BREESE delivered the opinion of the Court :

This was debt, in the Jo Daviess circuit court, on a promissory note, with the common counts, brought by Richard Bowden against William Bowden. The plea was *nil debet,* and tried by the court without a jury.

The court heard the case and found for the plaintiff, assessing the damages at two thousand and thirty-two dollars and forty three cents, and rendered judgment accordingly. The defendant brings the record here by writ of error, assigning as error a judgment in damages, when the action was debt.

The only evidence before the court was the note sued on. Nothing was claimed on the common counts.

It has been often decided by this court that when the action is debt and the judgment is in damages, it is erroneous, and judgments have been reversed for this cause, without considering the effect of sec. 56 of the Practice Act.

There was no exception taken to the finding by the court, nor to the entry of the judgment. Had there been, it is quite certain the error complained of would not have occurred. The amount found ·due was precisely the amount of the note and accrued interest, so that no injustice has been done.

Notwithstanding the repeated rulings of this court on this question, as no rule of property has been established by them, but of practice only, we are much inclined to hold such an objection to be merely technical, and as not affecting, in any degree, the merits of the case. If a party will be silent on the occurrence of such a mistake, one that would be corrected on the instant should the attention of the court be called to it, one that in nowise affects the merits of the controversy, he ought to be foreclosed of his right to assign it for error on an appeal to this court. Justice between the parties is the great *desideratum*, and it is for this that courts are organized. In reflecting upon prior adjudications of this court on this subject, we are compelled to believe justice has more than once been sacrificed to mere form, and after more thorough deliberation, and in view of the course of our legislation upon kindred topics, we have arrived at the conclusion that for mere technical errors like this we will not reverse, unless, by some motion, for a new trial, or in arrest of judgment, or by some other proper motion, the question shall be raised in the court below. The judgment is affirmed.

*Judgment affirmed.*