THE PEOPLE OF THE STATE OF ILLINOIS, use, etc.,

v.

ANTHONY STEELE ET AL.

1. SUIT ON GUARDIAN'S BOND—FAILURE TO ALLEGE APPOINTMENT OF NEW GUARDIAN.—An action upon a guardian's bond for a failure to pay over money to a subsequently appointed guardian, cannot be sustained if the declaration fails to allege the due appointment of the plaintiff as successor. The plaintiff shows no right to sue, under the conditions in the bond. The mere profert of her letters of guardianship attached to the declaration is not a sufficient averment of her appointment.

2. FAILURE TO MAKE REPORT—NECESSARY ALLEGATIONS.—The declaration in such suit, alleging as a further breach of the bond, that the guardian had failed to make report to the court when thereunto required, is defective because it fails to allege that the guardian was required by the court to make such report.

3. REMITTITUR.—An assessment of damages beyond the amount expressed in the ad damnum is cured by a remittitur entered in the appellate court.

4. DAMAGES ASSESSED BY COURT.—In a suit upon a guardian's bond, the damages may be assessed by the court.

The People v. Steele.

ERROR to the Circuit Court of Randolph county; the Hon. W. H. SNYDER, Judge, presiding. Opinion filed August 13, 1880.

Mr. ALBERT N. SPRAGUE, for plaintiff in error; that the declaration fails to state a cause of action, cited Rev. Stat. 562; Murphy v. Summerville, 2 Gilm. 360; Greene County v. Bledsoe, 12 Ill. 267; Hibbard v. McKindly, 28 Ill. 240; Lemon v. Stevenson, 36 Ill. 45; Ill Cent. R. R. Co. v. Mc Kee, 43 Ill. 119; Vining v. Leeman, 45 Ill. 246; McCarthy v. Chicago, 53 Ill. 38; C. & A. R. R. Co. v. Higgins, 58 Ill. 128; Safford v. Miller, 59 Ill. 205; Patrick v. Rucker, 19 Ill. 428; Albin v. Talbot, 46 Ill 424.

Sureties on an administrator's bond are not liable until a *devastavit* is first established against their principal: Reitz v. The People, 72 Ill. 435; People v. Admire, 39 Ill. 252.

Proceedings on a guardian's bond are similar to those on other penal bonds: Rev. Stat. 1874, 559.

The damages should have been assessed by a jury: Rev. Stat. 1874, 777.

The judgment should have been in debt for the amount of the bond, to be satisfied upon payment of a certain sum as damages: O'Conner v. Mullen, 11 Ill. 57; Toles v. Cole, 11 Ill. 562; Bowman v. Richardson, 21 Ill. 30; Odell v. Hole, 25 Ill. 204; Stose v. The People, 25 Ill. 600; Freeland v. Supervisors, 27 Ill. 303; Freeman v. The People, 54 Ill. 153; Caldwell v. Richmond, 64 Ill. 30; Maguire v. Town of Xenia, 54 Ill. 299.

The entry of judgment must be for a definite sum, expressed in dollars and cents: Freeman on Judgments, § 47; Lane v. Bommelman, 21 Ill. 143; Lawrence v. Fast, 20 Ill. 338; P. Ft. W. & C. R. R. Co. v. Chicago, 53 Ill. 80.

The judgment must not exceed the amount claimed in the *ad damnum:* Fourneir v. Faggott, 3 Scam. 347; Oakes v. Ward, 19 Ill. 46; Russell v. Chicago, 22 Ill. 283; Brown v. Smith, 24 Ill. 198; Altes v. Hinckler, 36 Ill. 266; Pierson v. Finney, 37 Ill. 29; Kelley v. Nat. Bank of Chicago, 64 Ill. 541.

Mr. WILLIAM HARTZELL and Mr. J. B. SIMPSON, for defendants in error; that the summons was sufficient, cited Chester, etc. Coal & R. R. Co. v. Lickiss, 72 Ill. 521.

The defect is fully cured by the statute: Rev. Stat. 1877, 130.

The errors in the declaration should have been raised by special demurrer, they cannot be raised for the first time in this court: Rev. Stat. 1877, 130; Tug Boat Dorr v. Waldron, 62 Ill. 221..

· Damages were properly assessed by the court, no jury being demanded: Meyers v. Phillips, 72 Ill. 460; Phillips v. Kerr, 26 Ill. 213.

Ojection to the form of the judgment must be made in the court below: R. R. I. & St. L. R. R. Co. v. Steele, 69 Ill. 253; Bowden v. Bowden, 75 Ill. 111.

The distinction as to the form of action on sealed and unsealed instruments is now abolished: Adam v. Arnold, 86 Ill. 185.

The judgment is sufficiently formal as to expression of amount: Rothgerber v. Wonderly, 66 Ill. 390.

The remittitur cures the error of excess in the judgment: Pixley v. Boynton, 79 Ill. 351.

WALL, P. J.   This was an action of debt in the name of The People, etc., for use of Nancy Vaughn as guardian of Edgar H. Vaughn against Anthony Steele and Marion E. Steele, upon a guardian's bond. Judgment was entered by default, and damages were assessed by the court at $544.71. The record, is brought here, and various errors are assigned—among others that the declaration is not sufficient to support the judgment.

The declaration avers the appointment of Anthony Steele as guardian of Edgar A. Vaughn, a minor under fourteen years of age, and that said guardian filed his bond, which was approved, with said Marion E. Steele as surety, conditioned that if said guardian should faithfully discharge the duties of his office according to law, and render a faithful account of his guardianship, when required by the county court, and comply with the said orders of said court, relative to the property of

The People v. Steele.

the minor, and pay to said minor all the money, etc., of the minor when he should be lawfully entitled thereto, or to any subsequent guardian of the minor, should the county court so direct, then said obligation should be void. It is further averred, that property of the value of $800 came to the hands of the guardian; that this was, by the guardian, converted to his own use, and that he did not pay the same to said Nancy Vaughn, guardian as aforesaid, though often requested. As a further breach, it is alleged that Steele did not at any time during his guardianship make a report to the county court, of the amount of the estate of the ward coming to his hands nor did he render any part of the same, to the minor, or any other person, authorized to receive it by means of which the said Nancy Vaughn, guardian of Edgar H. Vaughn, has sustained damages to a large amount, to wit: $500. Then follows the conclusion in the usual form, with profert of letters of guardianship of said Nancy Vaughn.

It is a familiar rule that all pleadings are to be taken most strongly against the pleader, for it is to be presumed that he will state his case as favorably to himself as possible. Now it is alleged here, that the funds of the minor were lawfully committed to the guardian, Steele, and that his bond was conditioned that he should faithfully discharge his trust, making an account when required by the court, and complying with other orders of the court relative to the matter and rendering the estate to the minor, when he should be entitled, or to any subsequent guardian, should the court so direct.

The first breach is that he did not pay to said Nancy Vaughn, but there is no averment that she is a subsequent guardian, or that there had been any direction of the court that the money should be paid to her. It is not alleged that Steele had resigned or been removed, nor is there any fact shown which would have warranted him in accounting with Nancy Vaughn. She styles herself guardian, but this is mere description of the person and the profert of her letters at the close of the declaration does not constitute a sufficient averment that she was a subsequent guardian, or, indeed, that she was lawfully acting in that capacity at any time. If she was the

successor of Steele, and as such entitled to control the estate of the ward, there should have been a direct and positive allegation to that effect.

The second breach is not well assigned. It contains no averment that Steele had been required by the county court to render an account, nor is there any statement from which it can be legally inferred that it was his duty to do so. Nor is there any allegation showing what damages were occasioned by such neglect. The averment that Steele did not pay the money to the minor, or to any other person authorized to receive it, is not accompanied with an allegation that the minor or any other person was authorized to receive it, or that there was an order of court or any other matter or thing that would justify the guardian in paying to said minor or any other person.

The declaration was fatally defective, and the judgment must be reversed for that reason. It is assigned that the damages assessed exceed the *ad damnum*. This is cured by the remittitur made in this court. It is urged that the damages were erroneously assessed by the court. This objection is not well taken. The practice is expressly authorized by Sec. 41 Chap. 110, R. S. 1874. Objection is made to the writ. This is not important. The writ may be amended if thought necessary. Objection is taken to the form of the judgment. This is at most but an irregularity, and would not warrant a reversal. Bowden v. Bowden, 75 Ill. 111. Judgment reversed, and cause remanded.

Reversed and remanded.