## THE PEOPLE, use, etc.

### v.

### STEPHEN OGDEN.

1. BOND—BASTARDY PROCEEDINGS.—A bond given in a bastardy proceeding conditioned that the defendant shall appear at the next term of court, and answer to the charge, and not depart without leave of the court, is not met by the appearance of the defendant, and a trial and judgment against him. If after judgment, he flees from the State without complying with the judgment, the condition of the bond is broken and an action lies against the obligors.

2. BOND IN SUCH CASES A RECOGNIZANCE.—In cases of this character, if the bond is regarded as a recognizance, then its conditions require the defendant to appear on the first day of the term, and from day to day and from term to term until the final sentence or order of the court.

3. AGREEMENTS OF RECORD—ESTOPPEL.—An agreement by parties and sureties in open court, that a bond shall continue in force till the next term of court, is not extending a liability on a bond by parol, but is a solemn agreement of record and operates as an estoppel.

4. ADMISSIONS OF RECORD.—These admissions must be distinct and formal, or such as are termed solemn admissions, made for the express purpose of alleviating the stringency of some rule of practice, or of dispensing with the formal proof of some fact at the trial.

ERROR to the Circuit Court of Edgar county; the Hon. WILLIAM E. NELSON, Judge, presiding. Opinion filed January 17, 1882.

Mr. J. W. SHEPHERD and Mr. R. L. McKINLAY, for plaintiff in error; that if the defendant fled without leave of court after the trial, it was a breach of the bond, cited Chilton v. The People, 66 Ill. 501; Erlinger v. The People, 36 Ill. 458.

A recognizance to appear on the first day of the next term, requires the defendant to appear from day to day, and from term to term: Gallagher v. The People, 88 Ill. 335; Norfolk v. The People, 43 Ill. 9; Stokes v. The People, 63 Ill. 489; Landis v. The People, 39 Ill. 79.

Messrs. SELLAR & DOLE, for defendant in error; that the surety is discharged by the appearance of defendant and submitting to trial, etc., cited Ogden v. The People, 62 Ill. 63.

DAVIS, J. This was an action of debt brought by plaintiff in error against the defendant in error and Francis M. Simpson on a bastardy bond.

A general demurrer was filed by the defendant to the amended declaration, and the court sustained the same, gave judgment for the defendant in error, and dismissed the suit.

The case made by the declaration on the facts well pleaded is that on the 5th day of February, 1878, Emma Nooner, before William L. Foulke, a justice of the peace of Edgar county, filed a complaint charging Francis M. Simpson with the offense of bastardy; thereupon the said justice issued his warrant and upon said day the said Simpson was arrested and brought before him for examination on said charge, and thereupon said Simpson waived an examination and entered into bond with the defendant in error as his surety for his appearance at the next term of the county court, conditioned that if he should appear at the next county court to be held in said county of Edgar, after the birth of said child, and answer to the said charge and not depart the court without leave, then the obligation should be void. Which said bond was returned by the justice to the county court and filed therein on the 10th day of June, 1876. And thereafter, at the June term, 1876, of said county court, the said Simpson applied for a continuance of said cause to the next term of said court, which application was granted by the court; and the said Simpson and the said ·defendant in error, being both personally present in open court, consented that said bond should continue in full force and effect, and such consent and order that said bond should continue in full force and effect was entered of record and made a part of the record of said cause.

And thereafter, at the December term, 1876, of said court, the said Simpson personally appeared and pleaded, and on the issue joined thereon a trial was had of said cause, and the said Francis M. Simpson was found to be the father of the bastard child of the said Emma Nooner, she being an unmarried woman, and thereupon a judgment was rendered by said court that the said Simpson pay to the clerk of the court one hundred dollars the first year after the birth of the said bastard child, and

fifty dollars yearly for nine years succeeding the said first year, for the support, maintenance and education of said bastard child, and that he pay the costs herein expended; and it was further ordered and adjudged by the court, that the said Simpson should give bond with sufficient security for the due and faithful payment of said yearly sums in equal quarterly installments to the clerk of said court. And the said Simpson did not appear in said court and comply with the terms of said judgment, but departed the said court without leave, and has fled from the State of Illinois, and the said defendant in error hath not produced the said Simpson in court, although often requested so to do.

The single question presented by the record is whether any recovery can be had on the case made by the declaration.

The bond declared on was executed, returned and filed in strict conformity to the requirements of the statute. It was given in a civil case, for though a proceeding for bastardy is in form criminal, it is in effect, a civil proceeding. Mann v. The People, 35 Ill. 467.

The condition of the bond is, that Simpson should appear at the next county court and answer to the charge, and not to depart the court without leave.

It is claimed by defendant in error, that the declaration shows, that Simpson did appear at the proper term of court to answer to the charge, and did not depart the court without leave. Whether he did not depart the court without leave, depends altogether upon all the facts set up in the declaration. He appeared at the June term, 1876, of the county court, and on his own motion, the case was continued to the next term of the court, and an agreement was entered of record— Simpson and the defendant in error being personally present and consenting thereto—that said bond should continue in full force and effect. The effect of this agreement of record was that Simpson should appear at the next term of court to answer to said charge, and not depart the court without leave.

At the next term of the court he appeared and pleaded, and a trial was had, which resulted in a verdict against him, followed by a judgment and an order, requiring him to give bond with

surety for the payment of the money. Instead of complying with the order, he departed the court without leave and fled the country.

That the condition of the bond, as continued in full force and effect by the agreement of record, is broken, there can be no question. It is claimed, however, by defendant in error, that he is not bound by the agreement of record. That the condition of the bond could not be altered, and defendant's liability thereby remain or be extended by parol. The defendant's liability did not remain, nor was it extended by parol. The condition of the bond was continued in full force and effect by a solemn agreement of record. These agreements of record are conclusive, and in a case like this it would be a fraud upon the court to permit a party to avail himself of the benefit of the agreement, and afterward to deny its validity They operate as estoppels. A man is said to be estopped, when he has done some act which the policy of the law will not permit him to gainsay or deny. 1 Greenleaf on Evidence, Sec. 22. These agreements of record made by the parties themselves, are certainly more solemn and conclusive than admissions of attorneys of record; and such admissions bind their clients in all matters relating to the progress and trial of the cause. But they must be distinct and formal, or such as are termed solemn admissions, made for the express purpose of alleviating the stringency of some rule of practice, or of dispensing with the formal proof of some fact at the trial. In such cases they are in general conclusive. 1 Greenleaf on Evidence, Sec. 186.

But if the bond in question is to be regarded as a recognizance, then under recent decisions its condition in terms required Simpson to appear on the first day of the term, and from day to day during the term, and from term to term, and from day to day of each term, until the final sentence or order of the court, and to answer the specified charge. Gallagher et al. v. The People, 88 Ill. 335. Same v. Same, 91 Ill. 591.

Such being the condition of the bond, it was unnecessary when the case was continued to take a new bond, or to require an agreement, that the condition of the old bond should continue in full force and effect; the bond remaining in full life

and vigor until the case should be disposed of and the defendant discharged by the court.

The court erred in sustaining the demurrer, and the judgment must be reversed and the cause remanded.

Judgment reversed.