## WILLIAM SPILLMAN ET AL.
## v.
## THE PEOPLE, ETC.

1. RECOGNIZANCE.—In a proceeding by *scire facias* upon a recognizance which bound the principal to be and appear at * * * until final settlement or order of the court, to answer for the offense charged, and to abide such final sentence or order, and to do and receive what should be by the court then and there enjoined upon him, and not to depart without leave, and the record showed a conviction and commitment of the principal, and upon his motion a subsequent suspension of the sentence by the court for six months. *Held*, that when the principal submitted himself to the judgment of the court, the recognizance became *functus officio* and no further binding on the surety.

2. RECOGNIZANCE—FUNCTUS OFFICIO—RIGHT OF PRINCIPAL TO ARREST.—Where the recognizance has become *functus officio*, the surety has

Spillman v. The People.

no longer the right to arrest the principal, and it is unnecessary to surrender him before the court can set aside a judgment of forfeiture.

3. JUDGMENT BY DEFAULT, MOTION TO SET ASIDE.—Where a motion is made to set aside a judgment by default, the affidavits made in support of the motion are the only ones the court can look into.

4. APPLICATION TO SET ASIDE DEFAULT.—The court is of opinion that the application of the surety to have the judgment set aside, showed not only a good defense to the action, but due diligence on the part of the surety.

ERROR to the Circuit Court of McLean county; the Hon. O. T. REEVES, Judge, presiding. Opinion filed January 16, 1885.

Mr. W. L. BROWN, for plaintiff in error; that it was error to permit defendants in error to read counter affidavits on the motion to set aside the default, cited Thelin v. Thelin, 8 Bradwell, 421; Mendel v. Kimball, 85 Ill. 582.

As to amending the *scire facias:* Kennedy v. People, 15 Ill. 418; Conner v. People, 20 Ill. 381; Bacon v. People, 14 Ill. 312.

The judgment is contrary to law: Wilson v. People, 10 Bradwell, 357.

Mr. ROBERT B. PORTER, for defendants in error; that a *scire facias* may be amended, cited Peacock v. People, 83 Ill. 331; R. S. Ch. 7, §§ 2, 6, 9; Compton v. People, 86 Ill. 176; Marshall v. Maury, 1 Scam. 231.

The surety was held on this bond and judgment to produce his principal on expiration of stay of execution, and was not released by producing him to plead: People v. Ogden, 10 Bradwell, 226; Chilton v. People, 66 Ill. 501; Wolfe v. McClure, 79 Ill. 564; Schill v. Reisdorf, 88 Ill. 411; Richardson v. People, 85 Ill. 495; McLain v. People, 85 Ill. 205; Coons v. People, 76 Ill. 383; People v. Shannon, 10 Bradwell, 364; Brandt on Suretyship, §§ 432, 433, 444; Wintersoll v. Com., 1 Duval (Ky.), 177; Com. v. Douglas, 11 Bush, (Ky.) 607.

McCULLOCH, J. This was a proceeding in the circuit court by *scire facias* upon recognizance against William

Spillman as principal, and Joseph Schicane as surety. The recognizance was taken before a justice of the peace and bound said Spillman in the sum of one hundred dollars to be and appear at the circuit court on the first day of the next term thereof, being the 29th day of January, A. D. 1883, and from day to day, and from term to term, and from day to day of each term until final settlement or order of the court, to answer for the offense charged, and to abide such final sentence or order, and to do and receive what should be by the court then and there enjoined upon him, and not to depart without leave. This recognizance was filed in the circuit court on the 23d day of January, 1883; the same having been taken on the 19th day of the same month.

At the next term of the court an indictment was found against Spillman to which he pleaded guilty and was sentenced to pay a fine of fifty dollars and costs, and was ordered committed to the custody of the sheriff until the fine and costs should be paid. The court, however, on Spillman's motion, suspended the order of commitment for six months, and he was permitted to depart from the court without further security, and the cause went off the docket.

At the September term, 1883, a motion was made on behalf of the people, to re-docket the same, which motion the court, after requiring Schicane to be notified thereof, allowed. Thereupon Spillman was called and a judgment of forfeiture of the recognizance entered with *scire facias* to Schicane.

The writ issued on the 18th day of October, 1883, returnable to the November term of the same year, and service was duly had upon Schicane. No appearance having been entered on his behalf the judgment was made final on the 13th day of November.

On the 17th day of November, 1883, said Schicane entered his motion to set aside the final judgment so rendered, and for leave to plead to the merits, which motion the court overruled at a subsequent term. Two days thereafter, the people, by their attorney, moved the court for leave to amend the *sci. fa.* by changing the recital of the judgment of forfeiture from the September term, 1882, to the September term, 1883; which motion the court allowed, and Schicane excepted thereto.

Spillman v. The People.

It is now claimed that it was error to allow this amendment, and that, without it, the judgment itself was erroneous and ought to be reversed. The *sci. fa.* recited a forfeiture prior to the filing of the recognizance in the circuit court. The amendment was not made nor asked for before final judgment, nor at the same term at which it was rendered; nor was it made until after the motion to set aside the final judgment had been overruled. It does not, therefore, come under the provision of section 23 of the Practice Act, but, if allowable at all, it would seem to be governed by the Statute of Amendments and Jeofails. Appellant, however, did not ask leave to plead to the amended *sci. fa.*, but had interposed a motion for leave to plead to the merits of original writ. Had this motion been allowed we can perceive no reason why it would not then have been in order for the court to have given leave to amend the writ by the record of forfeiture. As the case must be reversed on other grounds, the record, if desired, can be amended so as to conform to the facts before another trial.

That the application to set aside the judgment presented a meritorious defense is beyond question. Spillman appeared in court, pleaded guilty to the indictment, was fined and committed to the custody of the sheriff. This was all his surety had obligated himself to see done. His liability upon the recognizance was thereby discharged. He never obligated himself to see that, if Spillman broke jail and ran away, he would return him, or if he failed to pay his fine he would pay it for him, or if the court permitted him to be at large after judgment he would see that he returned in due time. Nothing of this kind is within the purview of the recognizance. When Spillman had submitted himself to the judgment of the court the recognizance became *functus officio* and no further binding upon the security. Wilson v. The People, 10 Bradwell, 357.

This case is very different from that of The People, etc., v. Ogden, 10 Bradwell, 226, and Chilton v. The People, 66 Ill. 501. There the law required, as a part of the judgment of the court, that the defendant should give a bond according to certain prescribed conditions, and upon his failure or refusal to

do so he should be committed.    Had the defendant refused to give the bond and then submitted himself to the order of commitment, it would probably have been held that the surety was discharged.    But the defendant, having fled the court without leave, and without submitting himself to what the court had required of him, the surety was not discharged.

The question next to be determined is whether or not Schicane exercised proper diligence in regard to his defense. We can only look into the affidavits read in support of the motion.    Thelin v. Thelin, 8 Bradwell, 421; Mendell v. Kimball, 85 Ill. 582.    From these we learn that he lived thirty miles from the county seat; that he is a foreigner and can neither read nor write; that when notified of the re-docketing of his case he went and employed an attorney, by whom he was told he had a good defense, but that the proper time to make his defense would be after the *sci. fa.* had issued; that on the return day of the *sci. fa.* he went to the county seat, but failed to see his attorney; that he then had a conversation with the State's attorney, who promised him that he would not do anything with the case for two weeks, upon which he returned home.    The record shows that the judgment was made final before the expiration of that time.    His attorney makes affidavit that he examined the clerk's docket and did not find the case there, and could find no papers in the case, and did not know of its being docketed until after the default had been taken.    The deputy clerk testified that it was the practice of the court to put cases for trial upon the clerk's docket, but that this case had not been put on for the November term.

The records of the court upon the conviction of Spillman, his sentence of commitment and the subsequent suspension of that part of the sentence, were made part of the affidavits read upon the motion to set aside the judgment.

We are of opinion the application showed, not only a good defense to the action, but due diligence on the part of Schicane.    It is said, however, that he failed to produce the body of his principal, which was necessary before the default could be set aside.    This was unnecessary and impossible in

the law. As long as the surety remains bound for the appearance of his principal, just so long, but no longer, has he a right to arrest him and to surrender him to the court. But as soon as the recognizance has spent its force and become *functus officio*, then, as between him and his surety, the principal is a free man and no longer liable to arrest. If the record of conviction, commitment and subsequent suspension of the sentence is true as set forth in the motion, then the recognizance was no longer in force, and the surety had no power over the principal to bring him into court. For these reasons we are of opinion the court erred in refusing to open up the judgment for the purpose of letting Schicane in to defend upon the merits of the case.

Judgment reversed and cause remanded.