HEZEKIAH MCLAUGHLIN

v.

THE PEOPLE, ETC.

1. PRACTICE—DEMURRER WAIVED.—Where a party files a demurrer which is overruled, and he pleads without standing by his demurrer, the demurrer is waived, and the overruling thereof can not be urged as error on appeal.

2. JUSTICE'S TRANSCRIPT.—In suit in the county court on a recognizance, on which default has been made in justice court, a real estate transcript is not required from the justice.

APPEAL from the County Court of Jefferson county; the Hon. WILLIAM B. ANDERSON, Judge, presiding. Opinion filed September 24, 1885.

Mr. GEORGE B. LEONARD, for appellant.

Mr. WILLIAM H. GREEN, for appellees.

PILLSBURY, P. J.   John W. McLaughlin was arrested and

McLaughlin v. The People.

taken before a justice of the peace upon a charge of bastardy, and the hearing being continued he entered into a recognizance with appellant as security for his appearance on the day to which the cause was continued. He failed to appear, and that fact was noted upon the docket by the justice, and the recognizance, together with a transcript of the docket, was certified by the justice to the county court. This action of debt was commenced in the county court against both· cognizors, but service had upon the appellant only, and upon a · trial, judgment went for the appellees, and he appeals to this court. It is urged that the court erred in overruling the demurrer to the declaration, but as the defendant pleaded to the declaration instead of abiding by his demurrer, the point is waived in this court. The court properly sustained the demurrer to the plea of defendant, that before default he had delivered the principal to the sheriff, as his undertaking was to have him before the justice. The next contention is that the court erred in allowing the transcript of the justice's docket to be read in evidence, for the reason that it was not a full transcript, containing a copy of affidavit, process, etc.; that it was not under seal and does not show a forfeiture of the recognizance as well as the default of defendant. As to the first reason, this proceeding is not for the purpose of obtaining a lien upon real estate, as seems to be supposed, and a transcript, as required in such case, is not necessary in cases of this character. No seal was necessary, (21 Ill. 29,) and the statute now only requires the justice to record the default of the defendant, (People v. Green, 58 Ill. 256,) which was done in this case. The court should not have allowed the justice to orally state what he did in defaulting the defendant, but this error could work no possible injury as the record of the justice was in evidence and did not require any additional testimony to prove the fact. The point made that the judgment is for damages, instead of debt and damages, is purely technical, not in the least affecting the question of the liability of the defendant nor the amount he should pay, and should have been made in the court below, so that court could have had an opportunity of correcting it, else it will not be considered here.

Bowden v. Bowden, 75 Ill. 111. Some other equally unimportant questions are raised which are not necessary to notice any further than to state that they are not sufficient to reverse the judgment. Finding no substantial error in the record, the judgment will be affirmed.

Judgment affirmed.