The People of the State of Illinois, Appellee, v. C. H. Trout et al., Appellants.

1. PLEADING—*when non est factum inappropriate.* A plea of *non est factum* is not a proper plea to interpose to an action upon a bond which was returned to and filed in a court of record so as to become a part of the records of such court.

2. BASTARDY—*effect of judgment in, upon right of action upon forfeited bond for appearance.* There can be only one recovery under the Bastardy Act for the cause set out in the complaint and when the defendant appears in court and a recovery is had against him and he submits to the judgment of the court, either by paying the money or giving the bond provided for by the statute and the order of the court, or in default of the same is committed to jail, the object of the statute so far as the charge of bastardy is concerned has been accomplished and another judgment should not be rendered against the party accused and his bondsmen for an amount which includes in effect a judgment for the same cause for which the former recovery was had; but damages may have accrued by reason of the failure of the accused person to appear as provided for by his bond for appearance in court, for which, in case of forfeiture, judgment may properly be rendered against him.

3. RECOGNIZANCES—*what sufficient to sustain judgment.* The introduction of the bond which has been filed in court and become a part of its records, together with a judgment of forfeiture entered thereon, is sufficient to sustain a judgment.

4. RECOGNIZANCES—*construction of condition.* If the condition of the bond is that the defendant is to appear at the next county court to answer to the charge and not to depart the court without leave, the obligation of the principal is that he remain in attendance on court during the whole term unless excused from so doing by the court.

Action in debt. Appeal from the Circuit Court of Marion county; the Hon. SAMUEL L. DWIGHT, Judge, presiding. Heard in this court at the August term, 1908. Affirmed. Opinion filed March 4, 1909. Rehearing denied October 28, 1909.

W. G. MURPHY and J. A. WATTS, for appellants.

JUNE C. SMITH, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was a suit in debt by appellee against appellants and grew out of a forfeiture of a bastardy bond, entered against appellants at the November term, 1907, of the County Court of Marion county.

The declaration charges that on June 27, 1907, appellant, C. H. Trout, was arrested on a charge of bas-

tardy made against him by Inez Crane and brought before Seymour Andrews, a justice of the peace of said county; that upon a hearing the justice found there was probable cause to hold him on the charge and ordered that he give bond for his appearance at the next County Court in the sum of $750, conditioned according to law; that he failed to give bond and was committed to jail, but afterwards on July 25, 1907, he appeared before two justices with his sureties, Anthony TenEyck and John Langenfeld, who are also appellants here, gave the bond required and was released from custody. The bond is set out in full in the declaration, is in accordance with the statute and states as the condition "that if the bounden C. H. Trout shall appear at the next County Court to be held in and for said county of Marion and answer to the said charge and not depart the court without leave, then this obligation shall be null and void," etc.

The declaration further avers that at the following November term of said County Court, begun on the 11th day of November, 1907, said Trout did not appear, whereupon the trial of said cause was reset by the court for the 19th day of November, 1907, which was one of the regular judicial days of said term of court; that the cause was not reached on said last mentioned date but on the following day, November 20, 1907, said cause was called for trial, the people of the State of Illinois appearing by the State's Attorney of the county, but that said Trout did not appear nor did any person appear for him; that he and the sureties on his bond were called in open court and failing to appear and answer, a judgment of forfeiture was taken upon the recognizance, whereby an action accrued to appellee, to recover from appellants the said sum of $750.

A demurrer to the declaration was overruled and three pleas filed, (1) *non est factum*, (2) *nul tiel* record and (3) a special plea setting up as a defense the appearance of Trout at a subsequent hour on the day on

which default was entered on the bond, his trial and a judgment against him. A demurrer was sustained to the first and third pleas and trial was had before the court, a jury being waived, on the plea of *nul tiel* record.

The only evidence introduced was the original bond and the record of the County Court in the forfeiture proceedings and subsequent trial. The record recites "This cause is called. Comes the people by June C. Smith, State's Attorney. Defendant nor either of his sureties on bond of recognizance appearing, but makes default which is entered of record. Whereupon the defendant C. H. Trout and his sureties Langenfeld and Anthony TenEyck being three times solemnly called, came not nor any one for them, but make default herein which is taken and entered of record and recognizance declared forfeited. And now on this day, to-wit, November 20, 1907, comes the said C. H. Trout defendant herein and files his motion to set aside default of bond, etc., which motion is argued before the court and denied and the parties being now present in court and by counsel and ready for trial it is ordered by the court that a jury be called." The record then recites the trial, a finding of guilty against the defendant by the jury, with judgment against him for the amount and to be paid in the manner provided by statute, with an order that he give bond in the penal sum of $600 or in default thereof be committed to the county jail.

Appellants abided by their first and third pleas and here insist that the court erred in sustaining the demurrer to the same. The first plea, which was *non est factum*, was not a proper plea, for the reason that the bond was returned to and filed in the County Court and became a record of that court.

In Johnson v. The People, 31 Ill. 469, it is said: "This is a *scire facias* upon a recognizance taken before a justice of the peace and duly certified to the Circuit Court of Jo Daviess county. When so certified

it became a record of that court; consequently the plea of *non est factum* was not a proper plea to the action.''

In Mooney v. The People, 81 Ill. 134, which was a *scire facias* upon a forfeited recognizance, a plea of *nul tiel* recognizance was interposed. In that case the bond had been taken and approved by the sheriff and returned to the Circuit Court, and it was said that the returning of the bond by the sheriff to the clerk's office and the filing of it in said office thereby made it a record of the Circuit Court, and further: ''We perceive no error in this judgment. It may be observed that the plea of *nul tiel* recognizance was not a proper plea in this action.'' The demurrer to the first plea was therefore properly sustained.

The third plea admitted the arrest of Trout, the giving of the bond, his release from custody, the various settings of the cause for trial and the entry of forfeiture against him and his sureties, but alleges as defense that after the order of forfeiture was entered and on the same day, the trial of said cause was proceeded with, a jury impaneled and before the evidence was all introduced Trout appeared in court to answer the charge against him; that there was a verdict of guilty against him and judgment upon the verdict; that he was unable to give the bond provided for by the judgment of the court and for his failure so to do was committed to the county jail, where he was confined at the time the plea was filed.

We are inclined to the opinion that there can be only one recovery under the bastardy act for the cause set out in the complaint and that when the defendant appears in court and a recovery is had against him and he submits to the judgment of the court, either by paying the money or giving the bond provided for by the statute and the order of the court, or in default of the same is committed to jail, that the object of the statute so far as the charge of bastardy is concerned, has been accomplished; and another judgment should not be rendered against the party accused and his bonds-

men for an amount which includes, in effect, a judgment for the same cause, for which the former recovery was had. But damages may have accrued by reason of the failure of an accused person to appear as provided for by his bond for appearance in court for which, in case of forfeiture, judgment could properly be rendered against him, and such facts might properly be pleaded notwithstanding the judgment entered upon the original cause of action. The pleadings here show a technical default and right of recovery of nominal damages at least, and as plea No. 3 was a plea in bar and not a plea in mitigation of damages the demurrer was properly sustained.

It is claimed by appellant that the bond and judgment of forfeiture introduced in evidence, and which constituted the only evidence in the case, were insufficient to justify the finding of the court below in favor of appellee and did not warrant the judgment rendered against defendant.

In the case of People v. Witt, 19 Ill. 169, which was an action of debt on a recognizance taken in a criminal prosecution, where a plea of *nul tiel* record was interposed, the plaintiffs to maintain the issues on their part offered in evidence the recognizance and the record of forfeiture as was done in this case. It was there said by the court: "The recognizance of record and judgment of forfeiture are competent and sufficient evidence under appropriate averments in *scire facias,* to authorize judgment of execution according to the form, force and effect of the recognizance; and in an action of debt to authorize judgment for the amount of the recognizance." And in Kepley v. The People, 123 Ill. 367, the same language as that above quoted is used approvingly. The procedure followed in this case was therefore the one approved by our Supreme Court.

It is also insisted by appellant that the condition of the bond, which was to appear at the next County Court to answer to the charge and not depart the court

without leave, did not require Trout to be continually in attendance on court during the term and was fully satisfied by his actual appearance at the trial, which took place on the same day, but after the default. The provision that he should appear at the County Court and not depart the court without leave, to have any effect would seem to require that defendant remain in attendance on court during the whole term, unless excused from so doing by the court, and that is the effect of the holdings in Chilton v. The People, 66 Ill. 501, and Spillman v. The People, 16 Ill. App. 224.

In the case of People v. Ogden, 10 Ill. App. 226, which was an action of debt on a bastardy bond, with conditions similar to the one before us, it was said: "but if the bond in question is to be regarded as a recognizance, then under recent decisions its condition in terms required Simpson to appear on the first day of the term and from day to day during the term, and from term to term and from day to day of each term, until the final sentence or order of the court and to answer the specified charge."

We find no reason appearing from the record in this case why the finding and judgment of the court below were not in accordance with the facts and the law applicable to them, and they should therefore be sustained.

*Affirmed.*