(No. 12648.—Reversed and remanded.)
THE PEOPLE, for use, etc., Appellee, vs. JAMES E. KANE, Appellant.

*Opinion filed April 15, 1919—Rehearing denied June 6, 1919.*

1. PRACTICE—*judgment will not be reversed for matter of form.* Section 77 of the Practice act provides that no verdict or judgment shall be set aside for irregularity, only, unless cause be shown for the same during the term such judgment or verdict shall be given, and where an action is in debt and the verdict and judgment are for damages, and no objection is made to either on account of form, the judgment will not for that reason be reversed.

2. MEDICINE AND SURGERY—*under act of 1885, authorizing fine for practicing without license, the first offense means the first conviction.* Under the act of 1885, authorizing a recovery of $100 for the first offense and $200 for each subsequent offense of practicing medicine without a license, the offense does not consist of treating some individual but of practicing generally, so that a first offense means a first conviction, and there cannot be a conviction for more than one first offense, regardless of the number of individuals the defendant is shown to have treated.

3. SAME—*the legislature may define "practicing medicine" so as to include chiropractice.* Although the chiropractor's method of treating physical ailments, injuries or deformities is not within the common meaning of the term "practicing medicine," the General Assembly, in an act authorizing a fine for practicing medicine without a license, may define the practice of medicine so as to include chiropractice.

4. SAME—*act of 1885, providing for examination for licenses to practice medicine, is not invalid.* The act of 1885, as amended, providing for examination of applicants for licenses to practice medicine, is not invalid as giving arbitrary power to the State Board of Health to grant or refuse licenses, in its own discretion, to persons employing methods of treating human ailments without the use of medicine, as such act, while it does not prescribe the qualifications of such persons, does provide that all examinations shall be conducted under rules and regulations prescribed by the board, and such rules are subject to review by the courts to determine their reasonableness.

5. POLICE POWER—*the legislature is sole judge of what laws are necessary for protection of public health.* The State has a right to regulate any and all kinds of occupations for the purpose of

protecting the lives and health of the people, and within constitutional limits the legislature is the sole judge of what laws shall be enacted for such purpose, as all such measures and regulations are within the scope of the police power.

6. SAME—*exercise of police power must be reasonably necessary to accomplish legitimate object.* The exercise of the police power is subject to constitutional limitations, and the power extends only to such measures as are reasonably necessary and appropriate for the accomplishment of a legitimate object within the domain of the police power.

7. SAME—*legislature cannot invest administrative board with arbitrary power over rights of citizens.* Every citizen has a right to be governed by fixed rules and cannot be subjected to the will or caprice of an administrative board, and the legislature cannot invest any board or commission with arbitrary discretion, which may be exercised in the interest of a favored few or which affords opportunity for unjust discrimination.

APPEAL from the County Court of Macon county; the Hon. JOHN H. McCOY, Judge, presiding.

WHITLEY & FITZGERALD, and JOHN A. WALGREN, for appellant.

EDWARD J. BRUNDAGE, Attorney General, JESSE L. DECK, State's Attorney, ALBERT D. RODENBERG, CHARLES F. EVANS, and A. R. IVENS, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The People of the State of Illinois, for the use of the State Board of Health, appellee, commenced this action in debt in the county court of Macon county against James E. Kane, appellant, and filed a declaration containing ten counts, charging him with practicing medicine without a license from the State Board of Health. The plea was the general issue, and upon a trial there was a verdict for the defendant. The court granted a new trial, and on the second trial there was again a verdict for the defendant and judgment accordingly. The plaintiff appealed to the Ap-

pellate Court, which reversed the judgment and remanded the cause. On the third trial there was a verdict for the plaintiff and assessing damages at $500. The court rendered judgment on the verdict and ordered that the defendant be committed to the common jail of Macon county until the fine and costs were paid. This appeal was prosecuted from that judgment.

The action was debt and the verdict and judgment were for damages, but no objection was made to either on account of form, and the judgment will not be reversed for formal matters of that kind. (*Bowden* v. *Bowden,* 75 Ill. 111.) Section 77 of the Practice act provides that no verdict or judgment shall be set aside for irregularity, only, unless cause be shown for the same during the sitting of court at the term such judgment or verdict shall be given.

The suit was brought under the act of 1885 as afterward amended,-which authorized a recovery of $100 for the first offense and $200 for each subsequent offense. The offense defined by the act consisted in practicing medicine or surgery or treating human ailments without a certificate issued by the State Board of Health. The offense did not consist of treating some individual but for practicing medicine generally by treating the public, so that a first offense meant a first conviction. There could not be a judgment for five first offenses, and the judgment must be reversed for that reason.

The appeal was taken to this court on the ground that the act was in conflict with the constitution and therefore void. It was enacted in the exercise of police power for the protection of the lives and health of the people. The State has a right to regulate any and all kinds of occupations for that purpose, and all measures and regulations for the protection of the public health, not infringing upon constitutional rights, are within the scope of the police power. The right of a citizen to follow any legitimate occupation is subject to the paramount power. of the State

to impose such regulations as may be required to secure
the people against ignorance, incapacity, deception or fraud
in the practice of medicine, subject only to such restraints
as are imposed by the constitution. Section 7 of the act
provided that any person should be regarded as practicing
medicine within the meaning of the act who should treat
or profess to treat, operate on or prescribe for any physical
ailment or any physical injury to or deformity of another.
The defendant was a chiropractor, and his practice con-
sisted of adjusting the vertebræ of the spinal column. That
method of treating physical ailments, injuries or deformi-
ties is not within the common meaning of the term "prac-
ticing medicine," but the General Assembly had a right to
define the practice of medicine for the purposes of the
act so as to include that method. *People* v. *Gordon,* 194
Ill. 560.

Within constitutional limits the General Assembly is
the sole judge of what laws shall be enacted for the pro-
tection of the public health, and so long as it does not in-
fringe upon inherent or constitutional rights its determina-
tion of what measures and regulations shall be adopted is
conclusive. The exercise of the police power, however,
is subject to constitutional limitations, and the power ex-
tends only to such measures as are reasonably necessary
and appropriate for the accomplishment of a legitimate
object within the domain of the police power. The Gen-
eral Assembly cannot aribtrarily interfere with the enjoy-
ment of rights guaranteed by the constitution and cannot
invest any board or commission with arbitrary discretion
which may be exercised in the interest of a favored few
or which affords opportunity for unjust discrimination.
(*Noel* v. *People,* 187 Ill. 587.) Every citizen has a right
to be governed by fixed rules and cannot be subjected to
the will or caprice of an administrative board. (*Ruhstrat*
v. *People,* 185 Ill. 133; *People* v. *Wilson,* 249 id. 195;
*Haller Sign Works* v. *Physical Culture Training School,*

id. 436.) The act provided for examinations of persons applying for licenses to practice medicine, and, as to those desiring to practice medicine and surgery in all its branches, prescribed general rules for an examination. As to those who desired to practice any other system or science of treating human ailments, who did not use medicines internally or externally or practice operative surgery, it required that examinations should be of a character sufficiently strict to test their qualifications as practitioners. That provision, standing alone, conferred upon the State Board of Health arbitrary power to grant or refuse licenses in its own discretion and upon its own judgment as to what examination would be sufficient to test the qualification of each applicant for a license. It furnished no standard and no guide and no security to an applicant by which the courts could determine whether the requirements of the board were reasonable or not. The act, however, provided that all examinations should be conducted under rules and regulations prescribed by the board, which should provide for a fair and wholly impartial method of examination. Such rules and regulations, if made, would be subject to review by the courts to determine whether reasonable or not. (*Kettles v. People,* 221 Ill. 221.) Considering the provision of the statute for the adoption of rules and regulations subject to judicial review, under which examinations should be made and licenses issued, the statute did not violate any constitutional right. The record does not show whether or not any rules and regulations were adopted by the board, and it affords no means for determining whether any constitutional right of the defendant was violated by unreasonable or arbitrary rules and regulations with which he could not be compelled to comply.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*