The People of the State of Illinois, Appellant, v. Taurus White, Principal, Michigan Surety Co., Appellee.

**Gen. No. 47,995.**

First District, Second Division.

June 14, 1960.

Benjamin S. Adamowski, State's Attorney of Cook County (Francis X. Riley and John T. Gallagher, Assistant State's Attorneys, of counsel) for appellant.

Le Roy Winer, of Chicago, for appellee.

MR. JUSTICE KILEY delivered the opinion of the court.

The People have appealed from an order dismissing a scire facias proceeding against defendant surety.

Taurus White was arrested under a paternity complaint; the surety gave bail but White failed to appear at the trial. This proceeding followed. The bond was forfeited and the writ issued to show cause why the forfeiture should not be absolute and the People have a judgment on the bond. The surety petitioned the court to dismiss for lack of proper service of the writ. The motion of the State's Attorney to dismiss the petition was denied, and the court found the service of the writ unlawful and dismissed the scire facias proceeding.

The writ was made returnable April 14, 1959. The bailiff's return discloses that the writ was served on the surety March 11, 1959, and that Taurus White was "served . . . at his usual . . . abode by delivering a

copy . . . to Mrs. T. White (Wife)" on March 21, 1959, and by mailing a copy of the writ to White at his "usual place of abode" on March 24, 1959.

■ The People first contend the surety cannot object to the sufficiency of the service. This point was not made at the trial and cannot be raised here.

The main question is whether the trial court, in the absence of personal service on White, could have jurisdiction to enter the judgment against the surety in the proceeding.

It is argued by the People that the statute governing service in scire facias proceedings "shall be served in like manner as process of summons in a civil suit," Ill. Rev. Stat., ch. 38, sec. 625 (1959), and that substituted service is therefore sufficient. The surety argues that section 625 required that White be served personally with the rule to show cause, and that should White not be found, the return of the rule should so specify. This procedure alone vests jurisdiction, it argues, and there is no authority for substituted service.

■ It is clear that both parties assume that section 625 is the applicable statute. That statute, however, reads: "When any person who is accused of any criminal offense. . . ." But the underlying proceeding is under the Paternity Act, Ill. Rev. Stat., ch. 106¾, secs. 51–66 (1959), and a paternity action is civil for the recovery of money. People ex rel. Meyers v. Glees, 322 Ill. 189, 152 N. E. 575; Scharf v. People, 134 Ill. 240, 243–46, 24 N. E. 761; People ex rel. Landwehr v. Humbracht, 215 Ill. App. 29, 32. There is no provision in the Paternity Act for a method of enforcement of the appearance bond. The method provided in section 20 of the Bail in Civil Cases Act, Ill. Rev. Stat., ch. 16 (1959), is not applicable because it presupposes an original judgment, for payment of which the bond is given. Here there was no judgment to sat-

281

isfy which a capias ad satisfaciendum, as required by section 20, could issue. The bond in the suit before us was conditioned only on the appearance of White.

■ ■ Historically, in Illinois, the proper suit to recover on the bond in bastardy cases similar to the instant one seems to have been in debt, People v. Ogden, 10 Ill. App. 226; People v. Trout, 151 Ill. App. 312, although scire facias was also permitted in an action before a justice of the peace under a prior statute. People v. Green, 58 Ill. 236; McLaughlin v. People, 17 Ill. App. 306. The Paternity Act, which repealed the Bastardy Act in 1957, expressly provides that the Civil Practice Act "shall apply to all proceedings" under its provisions. Ill. Rev. Stat., ch. 106¾, sec. 64 (1959). Accordingly, the appropriate action now would be by a "plain and concise statement" of a cause of action on the bond, as in other civil cases. Ill. Rev. Stat., ch. 110, sec. 33 (1959). Upon forfeiture, an action to recover the amount of the bond accrues to the People. People v. Trout, 151 Ill. 312, 314. The principal and surety need not be summoned to show cause as in the instant writ under ch. 38, sec. 625, but summoned to defend as in other civil cases. We conclude that the substituted service on White was sufficient.

We think the People should be given leave to file an amended statement of the cause of action on the bond and that the cause proceed upon the basis of proper service of summons having been served upon the defendants.

Judgment reversed and the cause remanded with directions to grant the People leave to file a statement of claim and for further proceedings.

Reversed and remanded with directions.

MURPHY, P. J. and BURMAN, J., concur.