DIRK JONKIN GERDES KRUSE, appellant, *vs.* JOHN SCRIPPS, appellee.

*Appeal from Schuyler.*

If a tract of land is conveyed by metes and bounds, or any other certain description, the grantee takes all the land included within the designated limits, although the quantity may exceed what is stated in the deed; and he is restricted to those limits, if the quantity proves to be less than is represented.

The statement of quantity is considered the most uncertain part of the description, and when inconsistent with boundaries, courses or distances, quantity must be rejected.

Where a mortgage was expressed to be "for sixty-one acres of land, to wit, the south-east quarter of section number twenty-eight, township two," &c., it was held to cover the entire Congressional tract, and the description of "sixty-one acres," as the quantity, was disregarded.

A subsequent purchaser is to be charged with full notice of the legal effect of such mortgage. His rights are no greater than those of the mortgagor.

This was an action of ejectment, returned at the March term, 1841, of Schuyler Circuit Court, by Scripps, the defendant in error, against Kruse, averring that he was possessed of the south-east quarter of section numbered twenty-eight, in township numbered two north, of range number one, west of the fourth principal meridian; and the north-west quarter of number thirty-two, in township number three north, of range numbered one west of the aforesaid meridian, with all the privileges and appurtenances, &c., which he claimed in fee. And that he was peaceably possessed of the following lands, to wit, sixty-one acres, to wit, the south-east quarter of section number twenty, in township number two north, and range number one west of the said fourth principal meridian, situate, lying and being, &c., with appurtenances, &c., which he claimed in fee. And that he was possessed &c. of sixty-one acres of land bounded as follows, to wit: beginning at the north corner of the south-east quarter of section number twenty-eight, two north, range one west of said meridian, thence south ninety poles, along the sec-

tion line, thence west 108 44-100 poles, thence north 90 poles, to the east and west dividing lines of said section twenty-eight, thence east 108 44-100 poles, to said place of beginning, with appurtenances &c., which he claimed in fee &c.; and being so possessed, defendant entered into and upon the same, &c. There were six different trials with different results. At the last trial, the plaintiff below obtained a verdict and judgment. The judgment was, that the plaintiff recover his damages, and also possession of the said premises. A writ of possession was granted, and judgment for costs. Motions for a new trial and in arrest of judgment were made and overruled; whereupon defendant prayed an appeal, which was allowed. Heard before and judgment by Mr. Justice Purple, at March term, 1848.

The plaintiff below derived his title by virtue of a mortgage from one James H. Smith, in which the land was described, as "sixty-one acres of land, to wit, the south-east quarter of section number twenty-eight, in township number two north, and range one west;" which mortgage was foreclosed by *scire facias*, and he became the purchaser at the sale.

The bill of exceptions was filed containing the evidence &c., exhibiting said mortgage and the proceedings taken to foreclose the same, the sale under the foreclosure, and the sheriff's deed. It appears that defendant and plaintiff derived their titles from a common source; the plaintiff in error being the grantee of said Smith, by deed, bearing date subsequent to the date of the mortgage from Smith to Scripps.

The following errors are assigned:

The Circuit Court erred in overruling defendant's objection to the mortgage, and in permitting the same to be read in evidence to the jury.

The Court erred, also, in overruling defendant's objections to the sheriff's deed, offered in evidence.

Also, in overruling defendant's motion to exclude all the title papers of plaintiff. And in overruling the motion for a new trial.

A. WILLIAMS and R. S. BLACKWELL, for appellant, made the following points in argument:

1. The description in the mortgage deed is uncertain.

2. The mortgage is merged in the judgment, and can no longer be used as evidence of title.

3. The defendant was entitled to notice to quit.

One of the counsel for the appellant, in opening this cause, stated that the question relating to the sufficiency of the description in the mortgage, became an interesting one, when taken in connection with the history of the trials in the Court below. Five different Judges had presided at the several trials. One decided, that there was a *patent* ambiguity, in the description of the premises; another, that it was a *latent* ambiguity; a third, that it was neither a patent or a latent ambiguity, but a *mixed* one; while the fourth held that there was no ambiguity whatever, and that the description carried the whole quarter section, and the false circumstance of quantity was to be rejected as surplusage. The fifth Judge held that no question could arise upon the construction of the mortgage deed, as it was merged in the judgment of foreclosure upon the proceeding by *scire facias*.

BROWNING & BUSHNELL, for appellee:

The quantity of land mentioned in a deed is only a part of the description, and must yield to the location by certain boundaries. All the land contained within these boundaries and belonging to the grantor, pass by the deed, whether more or less than the quantity mentioned by the deed. Powell *vs.* Clark, 5 Mass., 355; Jackson *vs.* Barringer, 15 John., 471; Champion *vs.* White, 5 Cow., 509; Howe *vs.* Bass, 2 Mass., 380; Hathaway *vs.* Power, 6 Hill, 453. The least certainty in the description of lands in a deed, must yield to the greater certainty, unless they can be reconciled. Worthington *vs.* Hyler, 4 Mass., 196; Jackson *vs.* Moore, 6 Cow., 716 to 721, and note. Where a deed describes land by its admeasurements, and at the same time by known and visible monuments, the latter shall govern. 4 Comyn Dig., 287; Pernan *vs.* Wead, 6 Mass., 131; Frost *vs.* Spaulding, 19 Pick., 445. And where there is a contradiction in a deed, quantity must give way to monuments, courses and distances. Jackson *vs.* Loomis, 18 John., 81; S. C. 19 John., 449; Jackson *vs.* Root, 18 John., 60.; Jackson *vs.* Clark, 7 John., 217. And where the question turns upon the construction of a deed, it will receive the same construction against a subse-

quent purchaser from the grantor, as against the grantor himself. The purchaser takes with notice of the legal construction of the deed. Subsequent events cannot effect the construction of a deed. Worthington *vs.* Hyler, 4 Mass., 196; Jackson *vs.* Loomis, 18 John., 81, 87; Van Wyck *vs.* Wright, 18 Wend., 157; Hathaway *vs.* Power, 6 Hill, 453.

Nor is the title of Scripps under the mortgage merged in the deed to him, on the sale under the foreclosure of the mortgage, so as to prevent Scripps from bringing or maintaining his action of ejectment. This point has been often decided. Williams *vs.* Brunton, 3 Gilm., 600, 622–3; Den *vs.* Vanness, 5 Halsted, 102, 106–7; Den *vs.* Stockton, 7 Halsted, 322; Cooper *vs.* Whitney, 3 Hill, 95; State Bank *vs.* Wilson, 4 Gilm., 57, 61; Klock *vs.* Kronkite, 1 Hill, 107. Merger is never favored at law, and still less in equity. It will not be permitted to work injustice. It is always a question of intention, and it will be allowed only for special reasons, to promote the ends of justice, and to subserve the fair intention of the parties. Where the person, in whom the legal and equitable title unite, has a beneficial interest in keeping them separate, no merger takes place. Lockwood *vs.* Sturdevant, 6 Conn., 373; James *vs.* Morey, 2 Cow., 246; Harr *vs.* Ellis, 6 John. Ch., 393; Baldwin *vs.* Norton, 2 Conn., 161. Even in cases where the doctrine of merger technically applies, the lesser estate is not lost—annihilated. It no longer exists separately, but in union with the greater, and the greater in union with the less, and the greater estate is from the time simply released and discharged from the charge or incumbrance of the less; on the same principle that no man can be indebted to himself. No greater estate is created. The lesser estate is simply suspended, not lost. Whether or not its action is suspended even depends upon whether justice require it cotemporaneously to exist. Persons having interests depending on the particular estates will be left in the same condition, in point of benefit, as if no merger had taken place. For the purpose of upholding those interests, the particular estate, though merged, is not destroyed. It continues in point of title, although said to be merged in point of law. 2 Thos. Coke, 451–2, top paging.

The sheriff's deed on the foreclosure is not the foundation of a new title. It is not inconsistent with the title under the orig-

inal mortgage. It is only in aid of and to perfect that title. Such is the intention of the mortgagee in purchasing on foreclosure. Williams *vs.* Brunton, 3 Gilm., 623 ; Den. *vs.* Stockton, 7 Halsted, 322. The mortgage gives a defeasible legal title. It leaves an equity outstanding in the mortgagor. It is to foreclose that equity, and not to acquire the legal estate, that the foreclosure is had. The legal estate is already in the mortgagee. The mortgage is thus the foundation, the first fact, in the creation of a perfect and indefeasible legal title, and the subsequent acts, the foreclosure, relates back to the mortgage. They are based upon the mortgage, and derive their existence and efficacy from the existence of the mortgage. It is a common principle that where divers acts concur to one definite result, the original act is preferred, and draws to itself all subsequent facts. Such is the doctrine of relation, which is applied to sustain rights acquired under mortgages, judgments and other analagous cases, and to prevent them from being overreached by subsequent claims, intervening between the inception and perfection of the title. Jackson *vs.* Call, 3 Cow., 79 ; Lessee of Boyd *vs.* Longworth, 11 Ohio, 252 ; Johnson *vs.* Stagg, 2 John., 520 ; Klock *vs.* Kronkite, 1 Hill, N. Y., 107 ; Hammon *vs.* Warfield, 2 Har. & John., 151, 158 ; State Bank *vs.* Wilson, 4 Gilm., 57, 64. But even supposing a merger takes place— what is merged, the legal or equitable title ? It is the equitable—the lesser title—that is merged. 2 Thos. Coke, top paging, 448, note *k;* 4 Kent Com., 99, 100. But the mortgagee has the legal title ; the mortgagor had only an equity left, and the mortgagee on the purchase at the sheriff's sale, would only acquire an equity, which, on the principle of merger, must merge in the mortgage title, if either is to merge in the other. 4 Kent, 154, 156 ; Blaney *vs.* Beane, 2 Greenleaf, 132, 137 ; 5 Cond. Rep., 655 ; Howe *vs.* Lewis, 14 Pick., 331 ; Erskine *vs.* Townsend, 2 Mass, 493, 494–5. Indeed, so ineffectual was the deed executed by the sheriff on the foreclosure, to give the legal title, that, as the mortgagee became the purchaser, there was no occasion for a deed to be made to him by the sheriff at all. Without the deed, the equity of redemption would have been equally barred by the mere sale. Jackson *vs.* Colden, 4 Cow., 266, 276, 281 ; 1 Revised Stat. N. Y., 312—old stat. That it has been considered that in such a case the title by the sheriff's deed

would merge in the mortgage deed, see Cooper *vs.* Whitney, 3 Hill, 95; Den *vs.* Vanness, 5 Halsted, 102, 106–7.

As to notice to quit: A mortgagor in possession is not entitled to notice to quit before ejectment brought by the mortgagee. Adams' Eject., 108–9; Rockwell *vs.* Bradley, 2 Conn., 1; Wakeman *vs.* Banks, 2 Conn., 445; Fuller *vs.* Wadsworth, 2 Iredell, 263; Weaver *vs.* Belcher, 3 East., 449; Keach *vs.* Hall, Doug., 21; Williams *vs.* Bennell, 4 Iredell, 122; Den *vs.* Stoċkton, 7 Halsted, 322, 324; Doe *vs.* Giles, 15 English Com. Law, 485; Smartle *vs.* Williams, 1 Salk., 245 and note *a.*

Contra, in New York, where the mortgagor is entitled to notice to quit before ejectment brought. This was, however, decided without much consideration, and as a mere question of practice, and not of law. Jackson *vs.* Loughhead, 2 John., 75; Jackson *vs.* Green, 4 John., 186; Jackson *vs.* Hopkins, 18 John., 486. Though the lessee or assignee or grantee of the mortgage is not entitled to notice to quit. Den *vs.* Stockton, 7 Halsted, 322; Jackson *vs.* Fuller, 4 John., 215; Jackson *vs.* Stackhouse, 1 Cow., 122. Nor is notice to a vendee to quit necessary. Jackson *vs.* Miller, 7 Cow., 747–51; Jackson *vs.* Moncrief, 5 Wend., 26, 29. On claiming the land adversely is not entitled to notice to quit. Jackson *vs.* Dyer, 3 John., 422; Jackson *vs.* Chase, 2 John., 84; Shackelford *vs.* Smith, 5 Dana, 236–8; Jackson *vs.* Tyler, 2 John., 443.

Opinion by TREAT, C. J.:

If a tract of land is conveyed by metes and bounds, or any other certain description, the grantee takes all of the land included within the designated limits, although the quantity may exceed what is stated in the deed; and he is restricted to those limits, if the quantity turns out to be less than is represented. The statement of quantity is considered as the most uncertain part of the description, and when inconsistent with boundaries, courses or distances, must be rejected. Powell *vs.* Clark, 5 Mass., 355; Jackson *vs.* Barringer, 15 Johnson, 471; Jackson *vs.* Moore, 6 Cowen, 706; Hathaway *vs.* Power, 6 Hill, 453; McClintock *vs.* Rogers, *post.*

In this case, the premises in dispute passed by the mortgage. The mortgagee took all of the land within the limits of the quarter section, without reference to the number of acres stated in

the mortgage. The statement of quantity must yield to the more definite description given to the land. No description could be more satisfactory and certain than the one contained in the mortgage. The tract, as surveyed and designated by the United States, is granted. By this description, its precise locality and extent can be ascertained. If the statement of quantity is inconsistent with the other parts of the description, it must be disregarded. Reject the words "sixty-one acres of land," and the description is perfect and complete. To give effect to these words, the more reliable parts of the description must be rejected, and the mortgage, as to the land in controversy, held void for uncertainty.

If the premises passed by the mortgage, the title of the mortgagee cannot be affected by that of the subsequent purchaser. The construction of the mortgage must be the same, whether the mortgagor has conveyed the equity of redemption or not. Subsequent events cannot change the construction to be given it. The purchaser is to be charged with full notice of the legal effect of the mortgage. His rights, in this respect, are no greater than those of the mortgagor. Jackson *vs.* Loomis, 18 Johnson, 81 ; Van Wyck *vs.* Wright, 18 Wendell, 157.

The doctrine of merger has no application. The title of Scripps relates back to the execution of the mortgage. The subsequent proceedings on the mortgage were in aid of his original title. Williams *vs.* Brunton, 3 Gilman, 600 ; State Bank *vs.* Wilson, 4 Gilman, 57 ; Den *vs.* Vanness, 5 Halsted, 102 ; Den *vs.* Stockton, 7 Halsted, 322.

A notice to quit was not necessary. The relation of landlord and tenant did not exist between the mortgagee and the purchaser. Jackson *vs.* Hopkins, 18 Johnson, 487 ; Wakeman *vs.* Banks, 2 Connecticut, 445.

The judgment of the Circuit Court must be affirmed, with costs.

*Judgment affirmed.*