EMIL KOLBE

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

1. BOND FOR COSTS—*bastardy case.* The statute requiring a non-resident to give bond for costs, does not apply to a prosecution under the Bastardy act; but if it did, a motion to dismiss should be made before the justice of the peace.

2. BASTARDY—*non-resident may prosecute.* Under the statute relating to bastardy, a non-resident female may prosecute the putative father in the courts of this State. The statute is not limited in its operation to residents of the State.

APPEAL from the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Messrs. KŒRNER & TURNER, for the appellant.

Mr. THOMAS QUICK, for the People.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

This is a proceeding under our statute on the subject of bastardy. The child was begotten in Missouri, where the complainant and the putative father then resided. When near the time of the confinement of the mother, the putative father removed to the State of Illinois. The mother, *while pregnant,* came into the State of Illinois, and into the county where the putative father was found, and instituted the proceedings before a justice of the peace of that county. The case came in regular course before the circuit court, where judgment was rendered against the putative father. He appeals to this court.

Appellant insists that the circuit court erred in refusing to dismiss the proceeding for want of bond for costs. The statute requiring bond for costs is not applicable to a proceeding of this kind, and if it were, the application, not having been made before the justice of the peace, comes too late. The ruling was right.

A graver question is presented by the objection: that the complainant was not a resident of the State of Illinois, and never has been. It is strenuously insisted that this statute was enacted in the interest of the public, and for the protection of the proper county against its liability to the expense of maintaining the child as a pauper.

The language of the statute is broad, and contains no express limitation of the kind insisted upon. The case is certainly within the letter of the law. The majority of the court do not feel at liberty to hold that the operation of the statute is limited in this respect by such implication. While the statute is in the interest of the public, in some respects, still, the main purpose of the statute seems to be to compel the father of a bastard child to bear part of the burden of its support. In this, the mother is chiefly interested.

We think the proceeding, as it is, was authorized by the statute. The judgment is, therefore, affirmed.

*Judgment affirmed.*