# JOHN E. BARTLETT*
## v.
# JOHN N. HITCHCOCK.

1. TENANCY UNDER LEASE EXECUTED SUBSEQUENT TO A MORTGAGE—RELATION OF TENANT TO PURCHASER UNDER MORTGAGE SALE.—The title acquired at a sale under a mortgage relates back to the execution of the mortgage, and the purchaser takes the title as then existing in the mortgagor, divested of sales, liens or leases subsequently made by the mortgagor or those claiming under him. Tenants under subsequent leases may be treated as trespassers by the mortgagee or purchasers, and ejected without notice.

2. DEMAND OF RENT BY PURCHASER.—The single act of the mortgagee or purchaser, in demanding rent of such tenant, will not create the relation of landlord and tenant, when such demand has not been acted upon, so as to enable the mortgagee or purchaser to recover rent *eo nomine*.

APPEAL from the County Court of Kane county; the Hon. J. W. RANSTEAD, Judge, presiding. Opinion filed February 24, 1882.

Mr. T. C. MOORE and Mr. F. G. GARFIELD for appellant; cited 4 Kent's Com. 387; 2 Jones on Mortgages, § 1654; Reed v. Bartlett, 9 Bradwell, 267.

Mr. R. N. BOTSFORD and Mr. W. R. S. HUNTER, for appellee; that the purchaser under a power acquires the entire interest of mortgagor and mortgagee, and takes the estate charged with the interest of all parties acquired subsequent to the mortgage, cited Bradley v. Snyder, 14 Ill. 267.

The power is deemed a part of the estate and coupled with an interest in the estate itself : Strother v. Lee, 54 Ill. 413; Berger v. Bennett, 1 Caine's Cas. 1.

When a power is executed, the person taking under it takes under him who created the power, and not under him who executed it : Doolittle v. Lewis, 7 Johns. Ch. 44; Jones on Mortgages, § 1897; Speer v. Haddock, 31 Ill. 439.

Rent grows out of the estate, and it is privity of estate rather

* See Reed v. Bartlett, 9 Bradwell, 267.

than of contract, which connects the reversion with the rent : Peck v. Northup, 17 Conn. 217.

The assignee of the reversion may maintain an action against the lessee to recover rent: Winslow v. Rand, 29 Me. 362; Rev. Stat. Chap. 80, § 14; Pope v. Briggs, B. & C. 251; Birch v. Wright, 1 Term R. 378.

PILLSBURY, J.   The controversy in this case arises out of the same facts as in the case of Reed v. Bartlett, decided at the last May term, and reported in 9 Bradwell, 267, where they are so fully stated as to obviate the necessity of a repetition here. Hitchcock, the purchaser at the mortgage sale, brought this suit for the recovery of the first installment of rent due from the appellant to Garfield and Wolf, under the lease made by them to him, after the mortgagor Wolf had conveyed to them his equity of redemption, and recovered in the court below, and the defendant there brings the record here by appeal.

We should content ourselves with simply reversing the judgment in this case, upon the opinion in Reed v. Bartlett, *supra*, if the counsel for appellee had not urged with such earnestness and apparent candor, that we were mistaken in applying the law to the facts of that case.   We then supposed that the principles governing the relation of mortgagee to the mortgagor, and those claiming under him, were too well settled to require the citation of many authorities, to sustain the views there expressed by us.   We have again examined the question, and are led to believe that the decision in that case is based upon principle, and fully sustained by the authorities.

The argument of the appellee, if we understand it, is that as the tenant of Garfield and Wolf, the owners of the equity of redemption are in privity with the estate of the mortgagor, and as it is privity of estate rather than privity of contract that connects the reversion with the rent, when the mortgagor's interest was sold under the power contained in the mortgage, the purchaser took under the person creating the power in this case, the mortgagor, and therefore, as there was a reversion in him or his grantees, depending upon the expiration of the term for years, such purchaser became the owner of such reversion, and entitled to the rent.

But it should be remembered that upon the sale, the purchaser at the mortgagee's sale took the estate of the mortgagor as it existed at the date of the mortgage.   Kruse v. Scripps, 11 Ill. 98; Taylor v. Kern, 68 Ill. 339; Davis v. Conn. Mut. Life Ins. Co., 84 Ill. 509; Anderson v. Strauss, 98 Ill. 485; and if the reasoning is sound, that by such sale the purchaser becomes the assignee of the reversion then held by the grantees of the mortgagor as landlords of the appellant, then by parity of reasoning he would become the assignee of the term held by their tenant, as such term constituted a part of the estate remaining in the mortgagor at the date of the mortgage, and becoming such assignee, the term for years being the lesser estate, would at once merge in the reversion as the larger estate.

But neither in fact or in law does the purchaser at a mortgage sale become the assignee of the reversion or of the term, where the lease out of which these estates arise, is made after the execution of the mortgage.   This title acquired at the sale relates back to the execution of the mortgage, and he takes the title as then existing in the mortgagor, divested of sales, liens or leases made by the mortgagor or those claiming under him.   See cases cited above.

The mortgagor does not become the tenant of the mortgagee.   Carroll v. Ballance, 26 Ill. 9; and the relation of landlord and tenant does not exist between the mortgagor and a purchaser at the sale.   Hence tenants under leases made subsequent to the mortgage, may be treated as trespassers by the mortgagee or the purchasers, and ejected without notice. Kruse v. Scripps, *supra*, Kuch v. Hall, 1 Doug. 21; Rogers v. Humphrey, 4 Ad. & E. 299; and the single act of the mortgagee or the purchaser in demanding rent of such tenant, will not create the relation of landlord and tenant when such demand has not been acted upon, so as to enable such mortgagee or purchaser to recover rent *eo nomine*.   Taylor's Landlord and Tenant, 4th edition, § 120; 1 Jones on Mortgages, § 777; Gartside v. Outley, 58 Ill. 210; Evans v. Elliott, 9 Ad. & E. 342.   In this last case, the case of Pope v. Biggs, 9 B. & C. 257, relied upon by appellee, was overruled as to this point.

After such sale, in order to create a privity of contract, there being no privity of estate existing between them, it requires some affirmative act by the parties evidencing an intention to recognize the former lease as still subsisting, or a new holding under the same or different terms, to enable the purchaser to recover rent as such, either by action or distress for rent. Taylor's Landlord and Tenant, § 120; Gartside v. Outley, *supra*. The record shows in this case that Hitchcock repudiated the lease under which the appellant held possession of the premises, by forbidding him to remove any of the fixtures placed upon the premises by him, and which, under the lease, he had a right to remove at the end of the term. It further shows that the appellant refused to attorn to him, to pay him rent, or in any manner recognize the appellee as his landlord. In such case it is clear that, under the authorities, he was but a trespasser in possession, and no such relation existed between them as would entitle the appellee to sue or distrain for rent *eo nomine*. A reference to Taylor's Landlord and Tenant, §§ 120–121, and 1 Jones on Mortgages, §§ 776–771, and authorities there cited, will show that the views of this court in Reed v. Bartlett, *supra*, and herein, are abundantly supported. As the record does not show any notice in writing to deliver up the premises prior to bringing this suit, the appellee has not placed himself in a position to recover for the use and occupation of the premises under the fifth clause of the first section of the statute relating to landlord and tenant, Rev. St. 1874, p. 657. We therefore see no right of recovery in this case, and still adhering to our opinion in Reed v. Bartlett, *supra*, we, for the same reasons that led us to affirm the judgment in that case, reverse the judgment here and remand the cause.

Reversed.