### William H. Mings

*v.*

### The People *ex rel.* Laura E. McCune.

*Filed at Springfield September 27, 1884.*

Bastardy—*maintainable by a non-resident.* Under our statute a non-resident woman may maintain a bastardy proceeding against the putative father of her child, in the courts of this State.

Appeal from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Edgar county; the Hon. J. W. Wilkin, Judge, presiding.

Messrs. SELLAR & DOLE, and Messrs. HUNT & DYAS, for the appellant, contended a non-resident of this State having an illegitimate child can not prosecute one in this State as the father of such child,—citing secs. 10, 13 and 16 of the Bastardy act; *Eggleston* v. *Battles,* 26 Vt. 548; *Graham* v. *Monsergh,* 22 id. 543; *Grant* v. *Barry,* 9 Allen, 459; *State* v. *Helmer,* 21 Iowa, 370.

The primary object of our Bastardy law is the protection of the public against the support of the bastard child.    The act being highly penal, should receive a strict construction.

Mr. ROBERT L. McKINLAY, and Mr. JOSEPH C. FICKLIN, for the appellee:

A prosecution under the Bastardy act is not limited to residents of this State.    *Kolbe* v. *People,* 85 Ill. 336; *Duffies* v. *State,* 7 Wis. 762.

The very obvious intent of the Bastardy act is to enforce the duty which the putative father is under to support his child.    (*State* v. *Jager,* 19 Wis. 235.)    This court has held that the object of the Bastardy act is not the imposition of a penalty for an immoral act, but merely to compel the putative father to contribute to the support of his illegitimate child.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bastardy proceeding instituted in the name of the People, on the complaint of Laura E. McCune, against William H. Mings, the appellant.    On a trial of the issue before a jury, in the circuit court, the jury found the defendant was the father of the child, as charged in the complaint, and the court rendered judgment on the verdict.    On appeal to the Appellate Court the judgment was affirmed.

But one question is presented for our decision by this appeal.    In the circuit court the defendant entered a motion to dismiss, for the reason that the prosecutrix and her child

were non-residents of the State, and for that reason a proceeding of this character could not be maintained here. The court overruled the motion, and this decision is relied upon as error. The same question arose in *Kolbe* v. *The People*, 85 Ill. 336, and we there held that a non-resident woman might, under our statute, prosecute the putative father in the courts of this State, for bastardy. That decision is conclusive of the question presented by this record, and we perceive no good ground for overruling it.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*