### August H. Scharf

#### *v.*

### The People of the State of Illinois.

*Filed at Mt. Vernon June 13, 1890.*

1. APPEAL—*in proceeding in bastardy.* A judgment against the putative father in a proceeding in bastardy, under the statute, is necessarily less than $1000. So, in the absence of a certificate of importance, no appeal will lie from the judgment of the Appellate Court in such proceeding, to this court.

2. SAME—*proceeding in bastardy—of its nature—whether included in the proviso to the 8th section of the Appellate Court act.* The special remedy provided by the Bastardy act is not "an action *ex contractu,*" nor is the foundation of the right of recovery a "penalty," in the sense in which those terms are used in the eighth section of the Appellate Court act.

3. SAME—*former decision.* The rule in that regard, as announced in *Rawlings* v. *The People,* 102 Ill. 475, is not adhered to.

4. PROCEEDING IN BASTARDY—*civil or criminal.* A proceeding in bastardy is a civil and not a criminal proceeding. In form it is criminal, but it is essentially of the nature of a civil action to compel a putative father to help support his offspring.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Bond county; the Hon. AMOS WATTS, Judge, presiding.

Messrs. LANE & COOPER, for the appellant.

Messrs. VAN HOOREBEKE & NORTHCOTT, for the People.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

This was a proceeding under the Bastardy act, instituted in the county court of Bond county, where, upon trial by a jury, the defendant was found to be the father of the child, and judgment rendered, requiring him to contribute to its support, under the statute. On appeal to the circuit court a trial *de novo* was had, a like verdict rendered, and the defendant adjudged to pay the sum of $50 for the support of the child, it having in the meantime died. On appeal to the Appellate Court the judgment of the circuit court was affirmed. The putative father prosecutes this appeal from the judgment of the Appellate Court.

At the threshold we are confronted with the question of the jurisdiction of this court to entertain the appeal, the amount of recovery, or that could in any event be recovered in the action, being less than $1000, and no certificate of importance having been granted by the Appellate Court, in conformity with the statute. We are aware that in the case of *Rawlings* v. *The People,* 102 Ill. 475, it was held, by a divided court, that the recovery "is so much in the nature of a penalty that the case is not included in the class of non-appealable cases when the amount involved is less than $1000;" and it was said that this class of cases comes within the meaning of the proviso to the eighth section of the Appellate Court act, excluding actions involving a penalty from the operation of the rule prescribed by that section in actions *ex contractu.* So

16—134 ILL.

much of the section referred to as is important to be considered is as follows :

"In all cases determined in said Appellate Courts, in actions *ex contractu,* wherein the amount involved is less than $1000, exclusive of costs, and in all cases sounding in damages wherein the judgment of the court below is less than $1000, exclusive of costs, and the judgment is affirmed  *  *  *  in the Appellate Court, the judgment, order or decree of the Appellate Court shall be final, and no appeal shall lie or writ of error be prosecuted therefrom :    *Provided,* the term *ex contractu,* as used in this section, shall not be construed to include actions involving a penalty.   In all other cases appeals shall lie, etc., from the Appellate to the Supreme Court."

Obviously, the proviso was inserted to exclude cases where actions *ex contractu* were brought to recover a penalty imposed by some penal law of the State,—as, actions of debt to recover the penalty under the Drover's act, or under the Medical Practice act, and like cases.   Technically, the action of debt is an action *ex contractu,* although brought to recover a penalty imposed by statute ; and the legislature, having used the term "actions *ex contractu,*" provide that that term, as used, should not apply to actions *ex contractu* where such penalty is involved. It must be manifest that the proviso can have application only where the action is *ex contractu.*   If, therefore, in any case, the action is not *ex contractu,* the proviso has no application, and the case is not excluded from the effect of the provisions of the act.   By the proviso, "the term *ex contractu,* as used in this section," is not to be construed to include actions involving a penalty, and, being thus limited, can not be held to relate to other actions for a penalty not *ex contractu.*

But conceding that the exception out of the statute might relate to actions other than actions *ex contractu,* we are not prepared to adopt the reasoning in the *Rawlings case, supra,* or adhere to the rule there announced.   It has been repeatedly

held that proceedings under the Bastardy act are civil and not criminal cases, so it is clear that no writ of error lies under the provisions relating to writs of error in criminal cases. Indeed, this case comes to this court by appeal, in recognition of that rule.

Nor are we prepared to hold that the proceeding is for the recovery of a penalty. It is said in the *Rawlings case:* "It is well settled by the decisions of this court that a prosecution under the Bastardy act is a civil and not a criminal proceeding,—that, though in form criminal, it is essentially of the nature of a civil action, the object being, not the imposition of a penalty for an immoral act, but merely to compel the putative father to contribute to the support of his illegitimate child." We approve of this holding, which has been announced in many cases by this court. See *Mann* v. *The People*, 35 Ill. 467; *Pease* v. *Hubbard*, 37 id. 257; *Maloney* v. *The People*, 38 id. 62; *The People* v. *Noxon*, 40 id. 30; *Allison* v. *The People*, 45 id. 37; *The People* v. *Starr*, 50 id. 52; *McCoy* v. *The People*, 71 id. 111; *Kolbe* v. *The People*, 85 id. 336; *Mings* v. *The People*, 111 id. 98.

This question was presented to the court in these cases in various forms, and in each instance the effect of the decision has been to hold that they were simply of a civil nature, to compel the putative father to contribute to the support of his illegitimate child. And such are the provisions of the Bastardy act, (secs. 8 and 10)—that is, the money is to be paid for the support, maintenance and education of the child. Yet it has been repeatedly held that the mother of the child might settle, and release the defendant at any stage of the proceeding, the recovery being for her benefit, to assist in the nurture of the child. We said in *Pease* v. *Hubbard, supra:* "Although it is a proceeding in the name of the People, yet the object is not the imposition of a penalty for an immoral act, but merely to compel the putative father to provide for the support of his

offspring;" and it was there held that the mother could maintain an action against the officer for escape of the putative father. In *Hauskins* v. *The People,* 82 Ill. 193, we said : "The foundation of the action is not to punish a defendant for an immoral or unlawful act, but to compel a father to contribute to the support of his offspring;" and it was held, that as the maintenance devolved upon the mother, the money would go to her to reimburse her for advances made, and that the fact that the child had died before trial, did not, for that reason, abate the proceeding.

Farther citation from cases need not be made, but an examination of them will show that the uniform holding is, that the amount required by the statute to be paid is not intended as a punishment or penalty for an immoral or unlawful act. It is a right, given by the statute, to recover such sum, not exceeding the amount prescribed, as may be found necessary to support his offspring. It can no more be said to be in the nature of a penalty than it can be said that the right given by the statute to the widow and next of kin to recover for personal injuries in case of death of the person injured is in the nature of a penalty. One statute provides, that in case of death a sum not exceeding $5000 may be recovered in a common law form of action, for the benefit of the widow or next of kin; the other statute provides, that in the contingency provided for therein, an amount not exceeding the sum mentioned in the statute may be recovered in the proceeding therein provided for, for the support, maintenance and education of the illegitimate child. If, as we have held in so many cases, the object of the statute is not the imposition of a penalty for any immoral or illegal act, but merely to give a civil remedy to recover for the support of the offspring, in respect to which the father owes at least the moral duty of maintenance, how can it be said to be in the nature of a penalty? Under the statute, (Starr & Curtis, 1732,) persons are required to support their relatives

who are unable to earn a livelihood, the duty devolving upon them in the order named in the statute; yet it has never been supposed that this liability was the imposition of a penalty, or that it was in the nature of a penalty. The effect of the Bastardy act is simply to extend the principle so frequently applied at common law, (of which the statute before referred to is declaratory,) of the duty of the parent to support and maintain the offspring. Other illustrations might be given, but what has preceded must suffice.

Again, in *Kolbe* v. *The People*, 85 Ill. 336, it was held, that the main purpose of the statute was to compel the father of the bastard child to bear part of the burden of its support, in which the mother was chiefly interested; and if a child was begotten in Missouri, where the mother and putative father then resided, but who subsequently removed into this State during pregnancy, a prosecution could be maintained under the laws of this State. In the subsequent case of *Mings* v. *The People*, 111 Ill. 98, the doctrine of the *Kolbe case* was adhered to, and applied to a case where the mother and child were both non-residents of this State, and it was held, that notwithstanding such non-residence she might, under our statute, proceed in the courts of this State against the putative father. It must be manifest, if the statute is penal, that no conviction could have been had in either of said cases for a penalty incurred while neither of the parties was within this State, or subject to its jurisdiction.

Not only in the matter of substance has the rule been as stated, but in all the forms of procedure, except in the character of action brought and mode of execution, the proceeding has been treated as civil. The quantum of evidence necessary to sustain the action is that applied to the recovery of debts or to the recovery of penalties. Ordinarily, where penalties are imposed for the violation of law, except in actions *qui tam*, the entire recovery is paid to the school fund, or for some

other designated public use, and any person may institute proceedings for their recovery. In cases of this kind the mother can alone prosecute, and the money recovered must be paid to her for the support of the child, while in her custody. Nor can it be said that the method of enforcing the payment gives the recovery the character or nature of a penalty, any more than the same can be said of any action commenced by *ca. sa.* In either case, the procedure relates to the remedy, and not to the cause of action, although applicable only in the cases provided by law.

It is clear that the special remedy provided by the Bastardy act is not an action *ex contractu,* within the meaning of that term as used in the eighth section of the Appellate Court act, as it must also be that the foundation of the right of recovery bears no resemblance to a penalty. The object is not to punish for immorality or vice, or to impose a penalty for an unlawful act, but to provide a remedy for the enforcement of a legal obligation to support and maintain the bastard child.

It is important that cases of this character should be placed where they belong. The defendant is permitted the verdict of two juries, and the right to appeal to the Appellate Court, and no reason can be assigned why cases under this act should be taken out of the general rule applicable to cases where a like amount is involved. If questions of importance shall arise, and the proper certificate be made, an appeal to this court may be taken; but the amount recovered in the court below being less than $1000, exclusive of costs, and no certificate having been granted, the judgment of the Appellate Court is in this case final.

The appeal to this court will be dismissed.

*Appeal dismissed.*