## Alvah L. La Plant v. The People ex rel. Minnie Warner.

1. BASTARDY—*Non-resident Complainants.*—A non-resident woman may prosecute the putative father of her illegitimate child in the courts of this State.

2. SAME—*Proof that Complainant is Unmarried.*—When a complainant in bastardy proceedings testified at the time of the trial that she was unmarried, it was held to be sufficient.

3. EVIDENCE—*Conversations Not in the Presence of the Adverse Party.*—It is error to allow a witness to testify to a conversation had by him out of the presence and hearing of the adverse party; but where such conversation is immaterial it is not reversible error.

**Bastardy Proceedings.**—Appeal from the Criminal Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed October 21, 1895.

M. J. RIESE, attorney for appellant.

WILLIAM F. STRUCKMANN, assistant county attorney and attorney for appellees, contended that a non-resident may prosecute in the courts of this State in cases of bastardy under our bastardy act, and it is immaterial whether the child or the mother lives in this State or not. Kolbe v. The People, 85 Ill. 336, and Mings v. The People, 11 Ill. 98.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

This was a proceeding under the statute concerning bastardy.

The mother of the child was, apparently, at the time of its birth, a resident of this State. At the time of the trial she resided in Indiana.

A non-resident woman may prosecute the putative father of her illegitimate child in the courts of this, although she is a resident of another State. Kolbe v. The People, 85 Ill. 336; Mings v. The People, 111 Ill. 98.

We regard the evidence that the mother was an unmarried woman as sufficient.

She testified that at the time of the trial she was unmarried, and she spoke of her being engaged to, and expecting to marry, the defendant, when the sexual intercourse took place.

This has been held to be sufficient. Dunham v. The People, 49 Ill. 233; Cook v. The People, 51 Ill. 144.

We regard the evidence as sufficient to warrant the verdict of the jury. The holding of the Supreme Court in McFarland v. The People, 72 Ill. 368, that "Where a mother swears that a defendant is the father, and the defendant swears he is not, and they are of equal credibility, one offsets the other; and unless there is other testimony given or circumstances proved which give the preponderance to the plaintiff, defendant should be acquitted," has been overruled in Johnson v. The People, 40 Ill. App. 382, and in the same case in 140 Ill. 250.

The court ought not to have allowed Mr. Ritchie to testify to conversation had by him, out of the presence and hearing of the defendant, with his employer. Such conversation was, however, of little consequence, and its effect, if any, not sufficient to overturn the verdict of the jury, sanctioned, as it has been, by the court below.

The questions asked of the defendant as to his being the father of another illegitimate child, which he denied, grew out of his own testimony, and while immaterial, were not only unimportant, but such as were objected to could have had no prejudicial effect against him.

The judgment of the Criminal Court is affirmed.