CHICAGO—FIRST DISTRICT—MAY, 1912.     309

People ex rel. Noavsll v. Graft, 170 Ill. App. 309.

# People of the State of Illinois, ex rel. Treasa Noavsll, Plaintiff in Error, v. John Graft, Defendant in Error.

## Gen. No. 16,149.

BASTARDY—*what does not bar proceeding.* The fact that the child was born in another country and was necessarily a citizen thereof does not bar the mother's right to maintain bastardy proceedings.

Bastardy. Error to the Municipal Court of Chicago; the HON. G. B. WATKINS, Judge, presiding. Heard in this court at the March term, 1910. Reversed and remanded. Opinion filed May 20, 1912.

WILLIAM SCHWEMM, for plaintiff in error; HENRY DVORAK, of counsel.

O'DONNELL, DILLON & TOOLEN, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

This was a bastardy proceeding instituted by the complainant, Treasa Noavsll, against John Graft. On the trial in the Municipal Court the only evidence was the testimony of the complainant that March 1, 1908, she became pregnant as the result of sexual intercourse with the defendant; that she resided in Chicago; that in September she went to the home of her parents in Austria, where her child was born in December; that her child had been and was then living with her parents in Austria; that complainant returned to Chicago in March, 1909, had since resided in Chicago, and had never been married.

At the close of her testimony the defendant moved that he be discharged for the reason that the child was born in and was a citizen of Austria, and therefore a bastardy proceeding could not be maintained here.

The court dismissed the proceeding and discharged the defendant.

In this we think the court erred.

In Mings v. The People, 11 Ill. 98, both the mother and child were non-residents of this State, and it was held that notwithstanding such non-residence the mother might maintain a bastardy proceeding in this State against the putative father. That decision is conclusive of the question presented by this record. See also: Scharf v. The People, 134 Ill. 240; Kolbe v. The People, 85 id. 336; LaPlant v. The People, 60 Ill. App. 340.

The judgment of the Municipal Court is reversed and the cause remanded.

*Reversed and remanded.*