## The People of the State of Illinois ex rel. Anna Hewes, Appellee, v. Leo W. Michael, Appellant.

### Gen. No. 19,830.

1.  EVIDENCE, § 476*—*determination of weight of the evidence.* While the number of witnesses is a factor that may be properly taken into consideration in determining where the weight or preponderance of the evidence lies, yet it is not necessarily determinative of that fact.

2.  BASTARDS, § 62*—*when a finding sustained by the evidence.* In a bastardy proceeding, where the record shows that there was a

sharp conflict in the evidence and it appeared that the trial court who saw and heard the witnesses evidently believed the testimony on behalf of the relatrix, an Appellate Court will not say that the finding of the court was against the weight of the evidence.

3. BASTARDS, § 25*—*when cross-examination of defendant proper.* In a bastardy proceeding, questions asked of defendant on cross-examination as to whether he had been convicted of several crimes, *held* proper where defendant in answer to several questions admitted that he had pleaded guilty to certain offenses and denied guilt as to another charge, and the questions were only directed as affecting the credibility of his testimony.

4. MUNICIPAL COURT OF CHICAGO, § 8*—*jurisdiction of bastardy proceeding.* Under section 50 of the Municipal Court Act, Hurd's Rev. St. 1911, ch. 37, § 313a, J. & A. ¶ 3364, the Municipal Court has jurisdiction of a bastardy proceeding, if the accused is found and arrested within the city of Chicago, though the child was begotten and delivered without the city.

5. ARREST, § 5*—*when a warrant presumed served within jurisdiction.* It may be presumed that an officer in executing a warrant did not exceed his authority by arresting an accused outside of his jurisdiction, on the contrary the presumption must be that he acted strictly within the scope of his authority and within his jurisdiction.

Appeal from the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed November 19, 1914.

JOEL C. CARLSON for appellant.

MACLAY HOYNE, for appellee; EDWARD E. WILSON, of counsel.

MR. JUSTICE PAM delivered the opinion of the court.

This is a bastardy proceeding brought by Anna Hewes, relatrix, against the appellant, Leo W. Michael, who will hereafter be referred to as the defendant. The proceedings in this case were had in the Municipal Court of Chicago under section 313a, ch. 37, p. 728, Hurd's Revised Statutes of Illinois for 1911. (J. & A. ¶ 3364.)

Defendant in the trial below waived a jury, and

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

upon a hearing of the cause, the court found defendant was the real father of the bastard child of which relatrix was delivered on December 20, 1912; motion for a new trial was overruled and judgment was entered, from which judgment this appeal has been prosecuted.

Defendant relies upon three points to reverse the judgment:

(1)   That the finding and judgment of the court is against the weight of the evidence; (2)   that the court admitted on cross-examination of the defendant questions as to whether the defendant had been convicted of certain crimes which were not infamous; (3)   the Municipal Court of Chicago was without jurisdiction of the subject-matter, because the alleged acts of intercourse, the residences of both parties and the birth of the child were not within the city of Chicago.

On January 5, 1912, relatrix resided in Hammond, Indiana, with her mother and father.   Defendant also lived in Hammond and was a teacher of occult science; to use his language, he "was teaching the occult work—hypnotism and mental science."

The relatrix arranged to take a course of instruction from him, and commenced her studies with him at his home, in January, 1912, to learn hypnotism, for which she paid defendant the sum of fifty dollars. Relatrix testified that in March, 1912, while taking instructions from defendant at his home in Hammond, she sustained an illicit relationship with him, as a result of which a child was begotten.   In this testimony she was corroborated by her mother, who testified that defendant admitted to her these charges of the relatrix, and that the defendant advised her to go to the home of a Madam Costello, who was a follower of the defendant, and who at that time lived in Hammond.   The evidence shows that this Madam Costello was a midwife, and also a clairvoyant spiritualist.

The defendant categorically denied the charges of the relatrix, and also the statements of her mother.

He further testified that the relatrix, while at his house in Hammond, and apparently in trouble, stated to him that a colored lawyer in Hammond was the father of her child. Defendant's housekeeper testified that relatrix made the same confession to her; and two other women who were studying occultism with defendant claimed to have heard the girl's confession to the housekeeper.

Defendant urges that by reason of the number of witnesses called by him, the preponderance is clearly with the defense. While the number of witnesses is a factor that may be properly taken into consideration in determining where the weight or preponderance of the evidence lies, yet it is not determinative of that fact.

The record of the proceedings shows that there was a sharp conflict in the evidence. The court below who saw and heard the witnesses evidently believed the testimony on behalf of the relatrix, and entered a finding against the defendant. We cannot say that the finding of the court was clearly and manifestly against the weight of the evidence.

Defendant contends further that the court erred in permitting certain questions to be directed to the defendant on cross-examination, as to whether defendant had been convicted of certain crimes. Defendant, in answer to several questions, admitted the fact that he had been convicted, or rather, that he pleaded guilty to certain offenses, while he denied guilt as to another charge. These questions were only directed as affecting the credibility of defendant's testimony, and were proper in a civil case.

The only remaining question in the case is whether or not the court had jurisdiction. Section 313a, ch. 37, p. 728, Hurd's Revised Statutes of Illinois for 1911, first paragraph, provides as follows:

"Whenever an unmarried woman, who shall be pregnant or delivered of a child, which by law would

be deemed a bastard, shall file in the municipal court, if she be pregnant, or so delivered in the city of Chicago or the person accused be found in said city of Chicago, her complaint in writing, under oath or affirmation, accusing a person of being the father of such child, the court shall order a warrant to issue against the person so accused and cause him to be brought forthwith before the court.'' (J. & A. ¶ 3364.)

From the foregoing it will be seen that in order to confer jurisdiction on the Municipal Court of Chicago, one of three conditions must appear in the evidence, namely, the relatrix must be pregnant in the city of Chicago, or delivered of a child in the city of Chicago, or the person accused must be found in the city of Chicago.

The evidence of the plaintiff shows that the child was begotten in Hammond, Indiana, and that she was delivered of a child at Globe Station, Illinois, which she stated was in the country. Notwithstanding that the complaint and amended complaint of the relatrix state that she was pregnant with and delivered of a child in the city of Chicago, the evidence does not prove these facts. But the evidence does show that the accused was found in the city of Chicago.

Defendant, in contending that the court was without jurisdiction, claims that he did not reside in the city of Chicago. There is evidence in the case by a witness for the defense, who was housekeeper for the defendant in Hammond, that at the time of the trial below she lived at 424 Oakley boulevard, Chicago, and that when defendant was in the city he made that residence his home. The warrant in the case, which is a part of the record, gave the address of the defendant at 424 South Oakley boulevard.

The warrant issued by the Municipal Court of Chicago showed this return:

''Executed this writ by arresting the within
...............LEO W. MICHAELS...............

and bringing his body into court this ........ 25th day of .......... July .... A. D..... 1912.....

.....................
                                        Bailiff.
                        Louis Graham
                        Deputy, 12th Prect.''

It is fair to presume that the officer executing this warrant did not exceed his authority by arresting the defendant outside of his jurisdiction; on the contrary, the presumption must be that he acted strictly within the scope of his authority and within his jurisdiction.

The defendant, when upon the stand, did not deny that at the time he was arrested he was in the city of Chicago, or that he was a resident of Chicago. His testimony, when asked where he lived, was: *"At the present time, Aurora, Illinois;"* namely, at the time of the trial, which began March 5, 1913, nearly a year after the time he was arrested.

This evidence warranted the court in arriving at the conclusion that defendant was found in the city of Chicago within the intent and meaning of section 313a, etc., *supra.* We are therefore of the opinion that the trial court properly ruled that it did have jurisdiction of the subject-matter.

Finding no reversible error, the judgment of the Municipal Court will be affirmed.

*Affirmed.*