## The People of the State of Illinois ex rel. Tillie Schultz, Defendant in Error, v. Theodore Wunsch, Plaintiff in Error.

## Gen. No. 21,781.

1.   ARREST, § 5*—*when presumed that officer arrested defendant within his jurisdiction.*  It will be presumed that the police officer executing a warrant for the arrest of defendant in a bastardy prosecution in the Chicago Municipal Court acted strictly within the scope of his authority and within his jurisdiction, and that the defendant was found within the City of Chicago when arrested, as provided in Hurd's Rev. St., ch. 37, sec. 50a (J. & A. ¶ 3364).

2.   BASTARDS, § 12*—*when Municipal Court of Chicago jurisdiction of prosecution by nonresident female against nonresident male.*  The burden of the support of a bastard child should be borne by the putative father and not by the public, and on that ground a nonresident female may prosecute him in the Municipal Court of Chicago, within the jurisdiction of which he was presumably arrested, even though he is also a nonresident and the child was born in New Mexico.

3.   BASTARDS, § 4*—*what is nature of action.*  A bastardy proceeding is criminal in form, although the proceeding is in effect civil.

4.   INFANTS, § 36*—*when guardian ad litem should not be appointed.*  A guardian *ad litem* should not be appointed for a minor

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

defendant in a bastardy proceeding, as such proceeding is criminal in form.

Error to the Municipal Court of Chicago; the Hon. JOSEPH SABATH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed March 28, 1916.

CANTWELL & SMITH, for plaintiff in error.

MACLAY HOYNE, for defendant in error.

MR. JUSTICE McGOORTY delivered the opinion of the court.

Theodore Wunsch, defendant (plaintiff in error), was found by the court, trial by jury having been waived, to be the father of the bastard child of which the relatrix, an unmarried woman, was delivered on September 10, 1913, and judgment entered on the finding.

Defendant seeks to reverse the judgment because the relatrix and the defendant were nonresidents of Illinois. Relatrix testified that she became impregnated at Cedar Rapids, Iowa, as the result of coition with defendant, in December 1912, and that the child was born in New Mexico, September 10, 1913.

This prosecution was commenced in the Municipal Court under chapter 37, sec. 50a, page 743, Hurd's Rev. St. 1913 (J. & A. ¶ 3364), which is in part as follows:

"Whenever an unmarried woman, who shall be pregnant or delivered of a child, which by law would be deemed a bastard, shall file in the Municipal Court, if she be pregnant, or so delivered in the city of Chicago *or the person accused be found in said city of Chicago,* her complaint in writing under oath or affirmation accusing a person of being the father of such child, the court shall order a warrant to issue against the person so accused and cause him to be brought forthwith before the court."

The bastardy warrant issued by the Municipal Court of Chicago showed this return:

"Executed this writ by arresting the within named Theodore Wunsch, and bringing his body into court this 9th day of August, A. D. 1915.

THOS. H. WARD,
Police officer and ex officio Bailiff."

This court will presume that the officer executing this warrant acted strictly within the scope of his authority and within his jurisdiction, and that the defendant was found within the City of Chicago when arrested. *People v. Michael,* 189 Ill. App. 495, 500.

In the instant case the child was begotten and delivered outside of the State of Illinois and both of the parties were nonresidents at the time of the prosecution in question. The statute contains no express limitation of the kind insisted upon. This statute was enacted in the interest of the public, having, however, as its main purpose, to compel the father of a bastard child to bear part of the burden of its support. A nonresident female may prosecute the putative father in the courts of this State. *Kolbe v. People,* 85 Ill. 336; *Mings v. People,* 111 Ill. 98. The fact that the child was born in New Mexico does not exempt the defendant from liability, as the burden of its support should be borne by the putative father and not by the public.

It is also urged that the judgment should be reversed because no guardian *ad litem* was appointed by the court. In such a case as this, the public has such an interest in the prosecution and the support of the child as to declare or treat the offense as a misdemeanor, and thus enforce the judgment by imprisonment until the order is complied with precisely as in cases of fines recovered for misdemeanors, or similar offenses against the public. *Holcomb v. People,* 79 Ill. 409, 416. This is a statutory proceeding. There is nothing in the statute or common law, in conformity with which criminal trials are had in this State,

requiring a different procedure when the defendant is a minor from that in other cases. Courts will always be careful to protect the substantial rights of infants in criminal as well as civil cases, but guardians *ad litem* are not appointed for such defendants in criminal cases and the procedure is the same whether the defendants are infants or adults. *Cutter v. People,* 184 Ill. 395, 396. In the instant case, so far as the arrest and trial are concerned, the form is criminal, though the proceeding is in effect civil, and therefore it was neither necessary nor proper for the court to appoint a guardian *ad litem* for defendant. The defendant, who was nineteen years old at the time of the trial, did not deny that he was the father of the child.

The Municipal Court clearly had jurisdiction of the persons and the subject-matter, and no prejudicial error having been committed, the judgment of the Municipal Court will be affirmed.

*Judgment affirmed.*