**The People of the State of Illinois ex rel. Marie Hansen, Appellee, v. Anton Ciemeniecki, Appellant.**

## Gen. No. 26,045.

1. BASTARDS—*nature and purpose of judgment.* The judgment of a court against a defendant in a bastardy proceeding, requiring him to pay a certain sum of money, is not designed as a punishment but is for the purpose of providing support and maintenance for the child to prevent it from becoming a public charge.

2. BASTARDS—*statute applicable where amendment adopted between conception and birth of child.* Where the birth of a bastard child occurred after an amendment to the bastardy statute went into effect, the rights and liabilities of the father are to be determined by the provisions of the act as amended, though conception took place prior to the amendment.

Appeal from the Municipal Court of Chicago; the Hon. SHERIDAN E. FRY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1920. Affirmed. Opinion filed June 18, 1921.

FRANK H. JANISZESKI, for appellant.

MACLAY HOYNE and EDWARD E. WILSON, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

The people of the State of Illinois on the relation of Marie Hansen brought this proceeding against Anton Ciemeniecki. A jury was waived and the case submitted to the court. After a hearing there was a finding that defendant was the father of the bastard child of the relatrix and he was condemned to pay $1,100 for the support, maintenance and education of the child in accordance with the provisions of the statute.

The undisputed facts, as shown by the evidence, are as follows: The relatrix, Marie Hansen, whose real name was Marie Wilberding, was married about 10 years before the institution of this proceeding to Harry Wilberding; that he left her about August 2, 1915, and she has not seen nor heard from him since; that they had never been divorced; that Marie Hansen gave birth to the child in question on July 20, 1919, and there is no dispute but that the defendant is the father of such child.

Defendant's position is that the judgment is wrong and should be reversed for the reason that the law under which the proceedings were had went into effect July 1, 1919, while the offense with which he was charged was committed at the time the child was conceived, which was about eight months before July 1, 1919, and, therefore, if defendant was liable at all, it was under the law as it existed prior to that date.

Section 1, ch. 17, Rev. St. (J. & A. ¶ 703), in force and effect prior to July 1, 1919, provided that when any unmarried woman who should be pregnant or delivered of a child, which by law would be deemed a bastard, and should make complaint under oath or

affirmation charging a person with being the father of such a child, a warrant should issue for the person so accused.     This section was amended July 1, 1919 (Callaghan's 1920 Stat. ¶ 703), so as to provide any woman who was in the same condition described in the law prior to the amendment, might institute such proceeding.    It is argued that in the construction of statutes the rule is that they should be so construed as not to give a retrospective effect to them unless there is no other reasonable interpretation to be placed upon the language used; that since the offense was committed about eight months prior to the amendment the defendant's liability is to be determined by the law as it existed at that time, and not by the law as amended. Defendant's position in construing the amendment of July 1, 1919, as stated by his counsel, is: "Our contention is that its purpose is to punish acts committed after its passage."    Of course, the defendant's contention that statutes are ordinarily construed so as not to give them a retrospective effect is sound, but this rule is not applicable to the case before us.    The judgment of a court against a defendant in a bastardy proceeding, requiring him to pay a certain sum of money, is not designed as a punishment, but is for the purpose of providing support and maintenance for the child to prevent it from becoming a public charge.    In the case of *Scharf v. People,* 134 Ill. 240, which was a proceeding under the Bastardy Act, the court, after citing authorities, said (p. 244) : "Further citation from cases need not be made, but an examination of them will show that the uniform holding is, that the amount required by the statute to be paid is not intended as a punishment or penalty for an immoral or unlawful act.    It is a right, given by the statute, to recover such sum, not exceeding the amount prescribed, as may be found necessary to support his offspring."    The rule announced in that and other cases has not been departed from, and, in fact, section 8

of the Bastardy Act (J. & A. ¶ 710) provides that the amount of the judgment which may be entered against the defendant shall be paid "for the support, maintenance and education of such child."

If the child is not born alive, no judgment can be entered against the putative father, and while the statute provides that proceedings may be instituted after pregnancy and before its birth, yet it further provides that the case cannot be heard until after the child is born. (Sections 1, 2, 3, 4 and 5, ch. 17, Rev. St., J. & A. ¶¶ 703-707.) If the child is born alive and a judgment is entered against the defendant, which judgment under the statute is payable in instalments, the liability of the defendant ceases upon the death of the child. Section 14, ch. 17, Rev. St. (J. & A. ¶ 716). It follows that defendant was in no way liable until the birth of the child, which was 20 days after the amendment went into effect and, therefore, his rights and liabilities are to be determined by the provisions of the act as amended.

The judgment of the municipal court of Chicago is affirmed.

*Affirmed.*

Taylor, P. J., and Thomson, J., concur.